[No. 3,640.]

## JULIAN OAKS *v.* JOHN RODGERS.

ORDER OF COURT.—If an order which is required to be made by the Court, is entitled and filed in the Court, and bears the seal of the Court, it will not be considered as an order of the Judge at Chambers, because the words "it appearing to me," are used in it, and the *testatum* clause says "in witness whereof, I have hereunto set my hand."

OATH ADMINISTERED BY THE COURT.—If the statute requires an oath to be administered by the Court or Judge, and it is administered by the Clerk in open Court, under the direction of the Court, and tested by the Clerk, it is administered by the Court in the sense of the statute.

ORDER MAKING A SOLE TRADER.—A certified copy of the order declaring a married woman a sole trader, is admisssible in evidence, even if, in the order, the Judge uses the first person, as though it was made by him

instead of the Court, and the oath attached thereto appears upon its face to have been administered by the Clerk.

Appeal from the District Court, Fifth Judicial District, Stanislaus County.

The following is the order declaring the defendant a sole trader, and the oath referred to in the opinion:

" Whereas, it appearing to me on the application of Mrs. Julian Oaks that she is a married woman and a suitable person to become a sole trader, and one of that class of persons contemplated by the laws of this State; and it further appearing to my satisfaction that due and legal notice of said intended application has been given:

And it further appearing to me that said application is made in good faith, and for the purpose of supporting herself and minor children, and not with the intention of defrauding the creditors of her husband; and it also appearing that the said husband is reckless and improvident in his expenditures, so much so as to endanger the means of supporting his family.

"And it further appearing that all the moneys said applicant now has using in her said business, that of farming, stock-raising, and transacting business generally are the exclusive products of her own labor, and that no part thereof came to her from her said husband.

"It is therefore ordered, adjudged and decreed, that Mrs. Julian Oaks, the above named applicant, be, and she is hereby, declared to be a sole trader, and as such she be permitted to carry on the business of farming, stock-raising and transacting business generally in Empire Township, Stanislaus County, State of California, in her own name and on her own account; and that all the property, revenues, moneys and credits so invested and ensuing from the profits and proceeds of said business shall belong exclusively to said Julian Oaks, and she shall not be liable for any debts of her said husband, and that she be allowed all the privileges, and held to all the liabilities and be liable to all legal process now or hereafter to be provided by law.

"In witness whereof, I have hereunto set my hand, and caused the seal of this Court to be affixed, this 15th day of January, A. D. 1872.

  [SEAL.]     S. A. BOOKER,

    District Judge, Fifth Judicial District."

"Attest:  L. B. WALTHALL, Clerk."

"STATE OF CALIFORNIA, COUNTY OF STANISLAUS, *ss.*

"I, Julian Oaks, in the presence of Almighty God, truly and solemnly swear that this application is made in good faith for the purpose of enabling me to support myself and minor child, not with any view to defraud, delay or hinder any creditor or creditors of my husband, and that of the money so to be used in said business not more than five hundred dollars has come either directly or indirectly from my husband.  So help me God.

      "JULIAN OAKS."

"Subscribed and sworn to before me, this 10th day of January, 1872.

     "L. B. WALTHALL,

         Clerk."

The other facts are stated in the opinion.

*D. S. Terry*, for Appellant, argued that the legal presumption was in favor of the regularity of all proceedings in Courts of Record, and that it having been proved by witnesses that the oath was administered by the Court, the fact that it was attested by the Clerk, was consistent with its having been so administered.

*Schell & Scrivner*, for the Respondent, argued that the order was not an order of the Court, but purported on its face to be an order of the Judge at Chambers, and that the legal presumption that the proceedings of Courts of Record were regular, applied only to those acts, touching which the Record was silent.

By the Court, CROCKETT, J.:

The plaintiff, a married woman and claiming to be a sole

trader under the statute, brings this action, to recover the value of certain grain, alleged to have been wrongfully taken from her possession by the defendant. At the trial the plaintiff, in support of the allegation that she is a sole trader, offered in evidence a certified copy of the order of the District Court permitting her to become a sole trader; a copy of which, it appeared, had been duly filed in the Recorder's office. The oath required by the statute to be administered to the applicant, before the order is entered, was indorsed on the recorded copy; but appears to have been administered by the Clerk. On offering the copy in evidence, the plaintiff proved by the oral testimony of two witnesses, apparently without objection, that the oath was administered to her by the Judge in open Court before the order was entered. The defendant objected to the admission of the copy in evidence, on the ground, first; that the order appeared to have been made by the Judge at Chambers, and not by the Court; and, second, that the Clerk had no authority to administer the oath, and it did not appear of record that the requisite oaths had been administered by the Court or Judge. The Court excluded the copy as evidence, and nonsuited the plaintiff; and thereupon a final judgment was entered for the defendant, from which the plaintiff appeals. We think the evidence was improperly excluded. It sufficiently appears that the order was entered by the Court, and not by the Judge at Chambers. It is entitled and filed in the Court, and is under its seal; and though, in drafting the order the Judge employs the phrase "it appearing to me," and, in the *testatum* clause, says, "in witness whereof, I have hereunto set my hand," this does not tend to prove that the order was not made and signed in open Court.

The second section of the statute, as amended in 1862 (Satutes 1862, p. 108,) provides that "before making the order, the Court or Judge shall administer to the applicant the following oath," (giving the form of the oath;) and then provides that a "certified copy of said order, with the said oath indorsed thereon, shall be recorded in the office of the Recorder of the county."

We think an oath administered by the Clerk in open Court, under its direction, is an oath administered by the "Court" in the sense of the statute; and upon the facts appearing in this record, we will presume it was so done.

Judgment reversed and cause remanded for a new trial. Remittitur forthwith.