[S. F. 118. In Bank.—November 13, 1895.]

GEORGE E. WHITE,. PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN. FRANCISCO, RESPONDENT.

CERTIORARI—JURISDICTION — ERRORS NOT REVIEWABLE.—Upon *certiorari* the single question involved is whether the lower court has exceeded its jurisdiction; and, if it has not, no matter how grievously it may have erred, either in matters of fact or matters of law, the writ of *certiorari* will not afford relief to the party prejudiced; and, where recitals of fact in the judgment or order are sufficient to sustain it, those recitals are conclusive, and no evidence can be received to impeach them.

ID.—PROCEEDINGS FOR CONTEMPT—DIVORCE—DECREE RESPECTING PROPERTY RIGHTS.—The court having jurisdiction of an action for divorce, has power to put a proper restraint upon the disposition of property by the husband, pending the final determination of the rights of the parties therein; and, where the decree of divorce reserving property rights for future consideration enjoins the husband from making any disposition of his property until the final decree is entered, the court has power to punish him for contempt in making leases of his land in violation of the injunction, and interfering with and obstructing the receiver appointed by the court in his efforts to take possession of the property; and *certiorari* will not lie to review any error in the injunction order which. could have been corrected by appeal, nor any question of fact passed upon in the proceedings for contempt.

ID.—FORMER ADJUDICATION—JEOPARDY—POWER OF COURT.—The defense of a former adjudication does not go to the jurisdiction of the court, and when the question of whether the contempt charge has been before adjudicated, or whether the petitioner has been twice in jeopardy for the acts of which he was convicted of contempt, the court has the same power to pass upon it as upon any other question in the case; and any error in its ruling cannot be reviewed upon *certiorari.*

ID.—TRANSFER OF DIVORCE CASE—VIOLATION OF RULE.—The fact that the divorce action in which the proceedings for contempt were had was transferred by the presiding judge from one department of the superior court to another, in violation of a rule of court, does not involve the question of jurisdiction, nor render the judgment void.

ID. — DEPARTMENTS OF SUPERIOR COURT — JURISDICTION — TRANSFER OF CASE—CONSTITUTIONAL LAW.—The jurisdiction of causes is vested by the constitution in the superior court and not in any particular judge or department thereof, although it provides that there may be as many sessions of the court at the same time as there are judges, yet, whether sitting separately or together, the judges hold but one and the same court, and the division into departments is purely imaginary, and for the conveniences of business and of designation; and transferring a cause from one department to another does not effect a change or transfer of the jurisdiction, which remains at all times in the court as a single entity.

Id.—Power of Presiding Judge—Rules —Retransfer.—The fact that rules adopted by the judges of the superior court of the city and county of San Francisco are violated by the presiding judge cannot affect his power to distribute the business of the court among the judges thereof, or affect the jurisdiction of the court over any cause assigned to any department; nor is the power of the presiding judge exhausted by the original assignment of an action or proceeding, but a cause may be reassigned or transferred, even irregularly, without jeopardizing the jurisdiction of the court.

Application in the Supreme Court for *certiorari* to review an order of the Superior Court of the City and County of San Francisco adjudging petitioner guilty of contempt.  J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

*Barclay Henley,* and *Edward Lynch,* for Petitioner.

The action having been transferred to Department Four by the presiding judge without motion and notice, as required by the rules of the court, Judge Hebbard, presiding in Department Four, had no jurisdiction of the action or of the parties.  Rules of court are binding upon the court and its suitors, and must be obeyed, and construed as statutes.  (*Hanson* v. *McCue,* 43 Cal. 178; *In re Jessup,* 81 Cal. 483; *Callahan* v. *Hickey,* 63 Cal. 438.)  One court has no power to punish a contempt of another court.  (*People* v. *County Judge,* 27 Cal. 152; Rapalje on Contempts, sec. 13.)  The court had no jurisdiction to perpetually enjoin White from transferring his property, but could only create a lien thereon. (*Perkins* v. *Perkins,* 16 Mich. 163–67; *Errissman* v. *Errissman,* 25 Ill. 136; Civ. Code, secs. 137, 140.)  Disobedience of a void order is not a contempt.  (*Harrison* v. *Hebbard,* 101 Cal. 152; *Ex parte Henshaw,* 73 Cal. 508; *Brown* v. *Moore,* 61 Cal. 432, 435; *Ex parte Hollis,* 59 Cal. 408; *Ex parte Kearny,* 55 Cal. 212.)  The plaintiff has been twice in jeopardy and twice acquitted of the same contempt, and has a constitutional right not to be punished therefor.  (Const., art. I, sec. 13; *Ex parte Lange,* 18 Wall. 163; *Bruner* v. *Superior Court,* 92 Cal. 260.)  A contempt is a criminal proceeding, subject to

all the laws governing the same. (*Ex parte Gould*, 99 Cal. 362; 37 Am. St. Rep. 57; *In re Buckley*, 69 Cal. 3; *Batchelder* v. *Moore*, 42 Cal. 414; *Lezinsky* v. *Superior Court*, 72 Cal. 511.)

*Henry E. Highton, W. H. Linforth,* and *W. F. Baggett*, for Respondent.

The superior court had power to make the injunction which was disobeyed. (Code Civ. Proc., sec. 526.) Its power over the injunction cannot be collaterally attacked. (*Prader* v. *Purkett*, 13 Cal. 588, 591; *Ex parte Cohen*, 5 Cal. 494-96.) Each act violative of an injunction may be punished as a contempt. (*Golden Gate etc. Co.* v. *Superior Court*, 65 Cal. 187, 192; *Hedges* v. *Superior Court*, 67 Cal. 405; *Dewey* v. *Superior Court*, 81 Cal. 64, 68.) The only question before the court is whether the judgment of contempt upon its face shows a contempt. (*Central Pac. R. R. Co.* v. *Placer County*, 43 Cal. 365, 367; *Loaiza* v. *Superior Court*, 85 Cal. 11, 35; 20 Am. St. Rep. 197; *Buckley* v. *Superior Court*, 96 Cal. 119, 120; *History Co.* v. *Light*, 97 Cal. 56, 58; *People* v. *Board of Delegates*, 14 Cal. 479, 499, 500; *Von Roun* v. *Superior Court*, 58 Cal. 358, 359.) The judgments and orders of final contempt are final and conclusive, and the only question to be raised is the single point of jurisdiction. (*Ex parte Cohen, supra; Ex parte Smith*, 53 Cal. 204, 207; *Dewey* v. *Superior Court, supra; Golden Gate etc. Co.* v. *Superior Court, supra; Ex parte Sternes*, 77 Cal. 156, 163; 11 Am. St. Rep. 251; *Ex parte Ah Men*, 77 Cal. 198, 202; *Farmers' etc. Bank* v. *Board of Equalization*, 97 Cal. 318, 320, 321.) The claim of once in jeopardy cannot be considered upon *certiorari*. (*Muir* v. *Superior Court*, 58 Cal. 361.)

VAN FLEET, J.—Application for *certiorari* to review an order of said court, Department Four thereof, adjudging petitioner guilty of contempt.

In the case of *George E. White* v. *Frankie White*, pending in said superior court, wherein petitioner is the

plaintiff, the superior court entered a decree divorcing the parties, and, by said decree, after reserving the property rights of the parties for future consideration, it is provided:

"That until the further, supplemental, and final decree aforesaid is duly entered, recorded, and carried into effect, the plaintiff, his agents, attorneys, trustees, employees, and servants, and each of them, be, and they hereby are, enjoined and restrained from selling, conveying, alienating, assigning, transferring, mortgaging, hypothecating, encumbering, or in any manner disposing of, embarrassing, complicating, or affecting the community property of the plaintiff and the defendant, real and personal, or any part or portions thereof, and his own separate property, real and personal, including all moneys and securities the plaintiff has on hand, and the income derived from said property, or any part or portions thereof, except that plaintiff may be permitted to pursue and carry on his usual and ordinary business, and with respect to the whole of said property, from doing, or permitting, or suffering to be done, any act or acts in violation of the rights, or any of them, of the defendant respecting the subject of this action, or tending to render the judgment or decree in favor of the defendant, or any part thereof, ineffectual."

Subsequent to the entry of said decree the superior court appointed a receiver in said action, and directed him to take possession and control of all the property of petitioner, and hold it subject to the direction and control of the court. The proceeding for contempt against petitioner was commenced since the making of the decree and order aforesaid, and the acts charged as constituting such contempt were in making two certain leases of his lands, in violation of the injunction contained in said decree, and in interfering with and obstructing the receiver in the efforts of the latter to take possession of said property. Petitioner, having been duly cited and tried, was found guilty of the acts charged, and it was adjudged that they constituted a

willful contempt of said court, and petitioner was sentenced to suffer five days' imprisonment in jail, and to pay a fine of five hundred dollars. He seeks by this proceeding to have the judgment of contempt annulled.

Numerous grounds are urged against the validity of said judgment, but we regard most of them as possessing little, if any, merit. Many of the allegations contained in the very voluminous petition, and a considerable part of petitioner's argument, relate to matters of fact and propositions of law which can by no possibility arise or be considered upon *certiorari*, for the simple reason that they in no manner involve the question of jurisdiction, but go only to that of mere error in the rulings of the superior court in the matter complained of. Nothing is better understood than that on this proceeding the single question involved is whether the lower court has exceeded its jurisdiction. If it has not, no matter how grievously it may have erred to the prejudice of the petitioner, either in matters of fact or matters of law, this writ will not afford an avenue of relief. (*Central Pac. R. R. Co.* v. *Placer County*, 43 Cal. 365; *People* v. *Board of Delegates*, 14 Cal. 479; *Buckley* v. *Superior Court*, 96 Cal. 119; *Loaiza* v. *Superior Court*, 85 Cal. 11, 35; 20 Am. St. Rep. 197.) The question being purely one of power, the mere manner in which the contempt proceeding was tried, the rulings of the court upon the admissibility of evidence, and kindred matters, are things wholly without the range of our investigation. Nor can we look into the evidence to inquire as to its sufficiency to sustain the finding and conclusion of the superior court. If the court had jurisdiction, and the recitals of the judgment or order are sufficient to sustain it, those recitals are conclusive upon us in this proceeding. We are confined to the record. "If the order is one which the court had power to make, it is not for us to inquire whether this power was properly exercised or not. The writ of review is not a writ of error." (*Von Roun* v. *Superior Court*, 58 Cal. 358.)

"The mere grounds upon which the determination was reached may or may not be correct in themselves. These may be supported by evidence inadmissible when tested by the rules governing the introduction of evidence. The reasons given for the conclusion arrived at may or may not be such as address themselves to the judgment of others, but erroneous views entertained, or incorrect reasons assigned, or evidence erroneously admitted in deciding the controversy, do not make a case of want of jurisdiction." (*Central Pac. R. R. Co.* v. *Placer County, supra.*) In *Ex parte Ah Men*, 77 Cal. 198, it is said: "Nearly all of the objections urged against the validity of the judgment convicting petitioner of a contempt are answered by the recitals in the judgment itself. If the record were silent as to the jurisdictional facts, jurisdiction would be presumed; but the judgment itself recites all the facts necessary to the exercise of jurisdiction by the court. . . . . The matters adjudicated are conclusive, and no evidence *dehors* the record can be received to impeach them." (See, also, *Ex parte Sternes*, 77 Cal. 156; 11 Am. St. Rep. 251; *Farmers' etc. Bank* v. *Board of Equalization*, 97 Cal. 317; *Buckley* v. *Superior Court, supra.*)

These considerations strip the case of much of its bulk, and render it unnecessary to notice in detail many questions raised, which, it will readily be perceived, are swept aside by the principles above announced.

Within those principles falls the objection that the superior court had no power to put the restraint upon petitioner's right to dispose of his property, which it does by the injunction contained in its decree, and, consequently, that petitioner was guilty of no contempt for violating it. It is not questioned that the court had jurisdiction of the action for divorce, and power to put a proper restraint upon the disposition of the property, pending the final determination of the rights of the parties therein, but it is claimed that the restraint here is practically perpetual, and that this it was beyond the

power of the court to make. It is perfectly obvious that this, if true, would not amount to an excess of jurisdiction, but an error merely, which could be corrected upon appeal, and, until so corrected, the decree would be obligatory upon the parties, and they would violate its terms under pain of contempt. (*Ex parte Cohen*, 5 Cal. 494.)

Within the same general principles is the further objection that the facts alleged in the petition show that the petitioner has been twice in jeopardy for the acts for which he was convicted of contempt. In *Muir* v. *Superior Court*, 58 Cal. 361, in passing upon the same objection, the court say: " The defense of a former adjudication does not go to the jurisdiction of the court. In this case, when the question of whether the contempt charge has been before adjudicated was raised, the court had the same power to pass upon it as it had to pass upon any other question in the case; and, if it erred in holding that there was not such former adjudication, as claimed, the error cannot be reviewed upon *certiorari*. That writ lies only in cases where the inferior tribunal has exceeded its jurisdiction."

This leaves substantially but one objection to be disposed of. It is claimed that neither the department of said court in which the contempt proceeding was tried, nor the judge thereof, ever acquired jurisdiction of said cause or of the parties, for the reason, as it is alleged, that said divorce action was never lawfully transferred thereto. This contention is based upon the fact, set forth in the petition, that the action was originally assigned for trial to Department One of said court, and after being there partially disposed of, and said decree of divorce entered therein, was by the presiding judge of said court transferred for further disposition to said Department Four, wherein the judgment of contempt was entered. The rule of said court providing for the method of transferring a cause from one department to another is set out, and facts are alleged showing that the order transferring the action of *White* v. *White* was

not made in accord with the requirements of that rule, but in disregard and violation thereof; and it is urged that, by reason of this fact, Department Four and the judge presiding therein never became vested with power to hear or determine said contempt, and that its judgment in the premises is void. But, taking the facts to be true, and they are not denied, they in no way involve the question of jurisdiction. The jurisdiction of causes is vested by the constitution in the *court*, not in any particular judge or department thereof. The constitution, in fact, says nothing about departments. It provides that there may be as many sessions of the court at the same time as there are judges (Const., art. VI, sec. 6); but, whether sitting separately or together, the judges hold but one and the same court, and the jurisdiction they exercise in any cause is that of the court, and not the individual. The division into departments is purely imaginary, and for the conveniences of business and of designation. Transferring a cause for trial or disposition from one of those departments to another does not effect a change or transfer of the jurisdiction of that cause; that remains at all times in the court as a single entity. The same section of the constitution provides that the judges of the superior court of the city and county of San Francisco shall choose a presiding judge from their number, who " shall distribute the business of the court among the judges thereof, and prescribe the order of business"; and it seems that the judges of that court have adopted rules for the guidance of the presiding judge in the performance of that duty, which it was competent for them to do, so long as those rules violate no express or implied provision of law. But it is perfectly obvious that, however proper those rules may be, or however desirable or essential to the impartial and orderly conduct of the business of the court that they should be adhered to, their violation in any instance cannot affect the jurisdiction of the court over a cause. The power to distribute and regulate the business of the court resting with the presiding judge,

though it be exercised in a grossly unfair and arbitrary manner, is not an excess of power, but an abuse of it. The remedy for such abuse rests in the hands of the judges of that court, since they have the power to remove that functionary at their pleasure and substitute another in his stead. And, possibly, in an instance where the violation of the rules of the court by the judge, without notice to a party litigant, worked the latter an injury by depriving him of some substantial right, the act would amount to an irregularity which could be corrected on appeal. (*Callahan* v. *Hickey*, 63 Cal. 438.) But we do not understand that, after a cause has been once assigned, it may not be reassigned or transferred, even irregularly, without jeopardizing the jurisdiction of the court therein. The power of the presiding judge in the premises is not exhausted by the original assignment of an action or proceeding. Such construction would tend to impede, rather than facilitate, the administration of the business of the court, and defeat in large part the very purpose of the provision in question.

We have considered the other points made, but, as they are all, in our judgment, covered by what has been already said, they require no special notice. We are satisfied that the record does not disclose an excess of jurisdiction, and, consequently, no case is made for our interposition by the remedy of *certiorari.* It follows that the writ should be dismissed, and it is so ordered.

GAROUTTE, J., HARRISON, J., McFARLAND, J., HENSHAW, J., and BEATTY, C. J., concurred.

Rehearing denied.

Mr. Justice TEMPLE, not having heard the argument, did not participate in the foregoing.