Davis, J.
It is clearly established by the testimony shown in the record in this case that the oath usually administered to- witnesses was administered to the person charged with perjury in this indictment; that tire oath was administered in open court upon the trial of a case in the county of Marion; that the testimony given by the accused under the sanction of that oath was false; that the oath was administered by one W. H. Folk, acting as deputy clerk of the court; and (that said Folk was not deputy clerk de jure. Whether or not Folk was deputy clerk de facto is perhaps a debatable question; but it is one which we do not find it necessary to decide. He had been duly appointed to the office or public trust of deputy clerk, if it is an office or public trust, and continued therein without having been discharged by the officer appointing him, at any time during the first or second term of the latter. Sections 8 and 9, Revised Statutes. Whether this constituted him an officer de facto we leave undetermined. The facts remain, however, that he had been legally appointed and qualified as deputy during the first term of his principal, ánd had performed the duties of a deputy clerk during such term and continued to do so, under a verbal appointment and without objection from anybody during the second term of his principal. While so acting, he, in open court, presumably with the sanction of the court, if not by its express direction, administered to the accused the oath which is the foundation of this prosecution. It certainly was so much within the knowledge and approval of the court that the. testimony given by the accused under that oath was material in obtaining the divorce which he was seeking in the case then on trial. It is fundamental that every court has inherent power to do all things which are reasonably necessary for *27 the administration of justice within the scope of its jurisdiction. State v. Caywood, 96 Ia., 367. Therefore, it is not necessary that there should be a statute empowering the courts to administer oaths in the trial of cases. The power is implied in the jurisdiction to try cases and to receive the testimony of witnesses under oath. It was upon this principle, apparently, that the Supreme Court of Tennessee held that “the judge himself may administer the oath, or he may direct any one in his presence, in open court, to administer it, and the oath will be valid.” Stephens v. State, 1 Swan (Tenn.), 157. In that case the court continues: “The oath does not derive its sanction and validity from the circumstance merely that it was administered by the clerk, but, from the circumstance that it was duly administered in open court, with the approval and under the control of the judge presiding. It was not, therefore, necessary that the person avIio administered the oath, 'under these circumstances, should have been a legally appointed deputy.” A similar ruling Avas made in Oaks v. Rodgers, 48 Cal., 197. In delivering the opinion of this court in Staight v. State, 39 Ohio St., 496, Okey, J., noted these cases in Tennessee and California, and pointed out the distinction between them and the case then under consideration. The same distinction applies here, The oath was administered by Folk in a judicial proceeding by the court and in the presence of the judge presiding therein. It was necessarily under the supervision of the judge. It was the performance of a mere ministerial act for the court. Being in other respects strictly legal, and being administered in open court Avith the assent and under the supervision of the court, it could Avork no prejudice to the accused *28 whether the oath wag administered by the judge, or by an officer of the court, or by any one not an officer who performed that duty for the court. In addition to the authorities already cited the views here-expressed are supported by the following cases: Server v. State, 2 Black. (Ind.), 35; State v. Knight, 84 N. C., 789; State v. Dreifus, 38 La. Ann., 877; State ex rel. v. Polke, 7 Black. (Ind.), 27, 29; Keator v. People, 32 Mich., 484; Masterson v. State, 144 Ind.,, 240.

Exceptions sustained.

Burket, C. J., Spear, Shaucic, Price and Crew, JJ., concur.