MARTHA BRADLEY ET AL., PROSECUTORS, v. THE TOWN OF BLOOMFIELD, IN THE COUNTY OF ESSEX.

Argued November 5, 1913—Decided February 24, 1914.

1. That part of the act for the incorporation of towns which provides that no writ of *certiorari* shall be allowed to set aside certain public improvements after thirty days have elapsed from the date of the confirmation of any assessment therefor by the council of such town, is not repealed or modified by the supplement to the act relating to the writ of *certiorari* adopted in 1907 (*Pamph. L., p.* 109), which enacts that such writ shall not be allowed to review any assessment for a street improvement, unless application therefor be made within sixty days after such assessment shall have been confirmed by a court of competent jurisdiction.

2. The common council created by the Town act is not "a court of competent jurisdiction" within the meaning of the foregoing supplement to the act relating to the writ of *certiorari*.

On motion to dismiss writ of *certiorari.*

Before Justices Swayze and Bergen.

For the motion, *Charles F. Kocher.*

*Contra, Jerome D. Gedney.*

The opinion of the court was delivered by

Bergen, J. This is a motion to dismiss a writ of *certiorari* upon the ground that it was not applied for within the time limited by law. The Chief Justice, being of opinion that the question raised was arguable, allowed the writ, expressing no opinion regarding the merits. It is admitted that the defendant is incorporated under the act entitled "An act providing for the formation, establishment and government of towns" (4 *Comp. Stat., p.* 5518), which provides, section 440, page 5552, that no writ of *certiorari* "shall be allowed or granted to set aside any assessment made for any sewer or street improvement of any kind after thirty days shall have

elapsed from the date of the confirmation of such assessment by the council of such town." It is also admitted that the application for this writ was not made within thirty days after confirmation by the council of the town, but was made within sixty days thereafter, and that the assessment was made for a public improvement.

The prosecutor of this writ urges in opposition to this motion that by a supplement to the act relating to writs of *certiorari,* adopted after the approval of the act above set out, that act was by implication repealed or so modified as to permit the application for the writ within sixty days after confirmation of the assessment by the council of the town, and therefore this writ was properly allowed. The supplement relied upon (1 *Comp. Stat., p.* 407) forbids the allowance of a writ of *certiorari* to review such assessments as the one which this writ seeks to review, unless application "for such writ shall be made within sixty days after such assessment or assessments shall have been confirmed by a court of competent jurisdiction." The substantial effect of the prosecutor's argument is that when the legislature, in the latter act, use the words "court of competent jurisdiction," it intended to include all agencies to which it had committed the power of confirming assessments. The word "court" has generally a well recognized meaning in this state, which is that part of the government of the state vested with the judicial power necessary to the administration of justice, and whose duty it is to apply the law to controversies brought before it. Some of the courts are established by the constitution, and others by statute for such purpose, and when the legislature speaks of "a court of competent jurisdiction," it must be taken to mean a court for the administration of justice as established by the constitution or statute, and we would not be warranted in assuming that ministerial agencies of every kind and character with delegated powers were intended to be included within the description "courts of competent jurisdiction."

If, by the supplement relating to writs of *certiorari,* the legislature intended that the common council of all municipalities should become courts of competent jurisdiction, it

would not have been difficult to express that intention, and the fact that it did not, is a potent argument against the contention that it did. We think that the legislature used the words mentioned in the usual and well understood sense. Our statutes show that different methods of confirming assessments have been created, some to be by courts and others by special agencies, and we must be bound thereby, and so long as these distinctions exist, give effect to them and apply the expressed law according to the terms in which it is stated by the legislature.

In our judgment, the supplement to the act relating to writs of *certiorari* did not by implication repeal the provision of the Town act requiring an application for the writ to be made within thirty days, and clearly it is not expressly repealed.

The consequence of the views expressed is that the writ assailed was applied for after the time limited for its allowance had expired, and therefore it is ordered that it be dismissed, with costs.