[Civil No. 3854.   Filed April 5, 1937.]

[66 Pac. (2d) 1023.]

C. W. PETERSON, GEORGE FRYE and JOHN A. FOOTE, as the Board of Supervisors of Maricopa County, Arizona, Appellants, v. HOWARD C. SPEAKMAN, Appellee.

Mr. Harry Johnson, County Attorney, Mr. Mark B. Wilmer, Deputy County Attorney, for Appellants.

Messrs. Townsend & Jenckes, for Appellee.

LOCKWOOD, J.—This is an appeal by C. W. Peterson, George Frye and John A. Foote, as members of the board of supervisors of Maricopa county, hereinafter called respondents, from a judgment of the superior court of that county that a peremptory writ of *mandamus* be granted commanding them to issue three warrants of the county of Maricopa to Howard C. Speakman, hereinafter called petitioner.

The facts of the case are in nowise in dispute, and may be stated as follows: Petitioner was duly elected as judge of the superior court of Maricopa county, at the general election in November, 1934, for a term of four years, beginning on the first Monday of January, 1935, and is and has been since that date a duly elected, qualified, and acting judge of such superior court. J. C. Niles and Marlin T. Phelps were elected at the same time as judges of the same court, and are also duly elected, qualified, and acting judges thereof. G. A. Rodgers was elected judge of said court at the general election in 1936 for a term of four years, commencing on the first Monday in January, 1937. At the time of the election of Judge Rodgers the salaries of judges of the superior court of Maricopa county were fixed by the legislature at $4,400 per annum, one-half to be paid by the county for which the judge was elected, and the other half to be paid by the state. After his election, but before the term for which he was elected commenced, chapter 12 of the first special session of the Twelfth Legislature was adopted, effective December 31, 1936. By its terms the salaries of judges of the superior court of Maricopa county were increased to $5,500 per annum, half of the increase effective as of the first day of January, 1937, and the other half effective as of the first of January, 1938.

At the end of the month of January, 1937, the petitioner, relying upon chapter 12, *supra*, contended that the respondents should issue a warrant to him for his salary for the first half of January, 1937, based so far as the period from the first Monday of January to the middle of the month was concerned, on a salary of $4,950 per annum. The supervisors, however, refused to issue a warrant on that basis, claiming that because of the provisions of section 17, part 2, article 4, of the Constitution, Judge Speakman was not entitled to the increase until and unless he was re-elected to the office which he held, and that the same rule applied to Judge Niles and Judge Phelps; Judge Rodgers, whose new term commenced after chapter 12, *supra*, took effect, being, in their opinion, the only one who was entitled to draw the increased pay provided by chapter 12. This suit was then filed by Judge Speakman on his own behalf and that of Judges Niles and Phelps, the latter having assigned their claims to him.

The case was heard before the superior court, the Honorable John P. Clark, judge of the superior court of Navajo county, being called in to determine the matter, since all of the judges of the superior court of Maricopa county obviously were interested parties, and he, after hearing, ordered that a peremptory writ of *mandamus* issue, commanding respondents to issue salary warrants in favor of petitioner in accordance with the prayer of his petition. From such order this appeal was taken.

The sole question involved is the meaning of the amendment to section 17, part 2, article 4, of the Constitution, adopted at the general election in the year 1930, as applied to petitioner and others in like circumstances with him. The original section read as follows:

"The legislature shall never grant any extra compensation to any public officer, agent, servant, or con-

tractor, after the services shall have been rendered or the contract entered into, nor shall the compensation of any public officer be increased or diminished during his term of office.''

By its terms it is plain that the salary of a public officer could not then be increased during his term any more than it could be reduced. *County of Greenlee* v. *Laine,* 20 Ariz. 296, 180 Pac. 151. In 1929 the ninth legislature, believing that this provision worked an injustice as to certain public officials, submitted to the people an amendment to section 17, *supra* (see Laws 1929, chap. 71) which reads as follows:

''Section 1. It is proposed hereby to amend Section 17, part 2, article IV, entitled 'Legislative Department' of the Constitution of the State of Arizona, to read as follows:

''Section 17. The legislature shall never grant any extra compensation to any public officer, agent, servant, or contractor, after the services shall have been rendered or the contract entered into, nor shall the compensation of any public officer be increased or diminished during his term of office, provided, however, that when any legislative increase or decrease in the compensation of the members of any court, board, or commission, composed of two or more officers or persons, whose respective terms of office are not coterminous, has heretofore or shall hereafter become effective as to any member of such court, board, or commission, it shall be effective from such date as to each of the members thereof.''

It will be noticed on comparing the original and the amended sections that the amendment consisted in the addition of the following clause to the original:

''provided, however, that when any legislative increase or decrease in the compensation of the members of any court, board, or commission, composed of two or more officers or persons, whose respective terms of office are not coterminous, has heretofore or shall hereafter become effective as to any member of such court, board,

or commission, it shall be effective from such date as to each of the members thereof.''

It is the contention of petitioner that there is one superior court, and one only, in Maricopa county, composed of four judges whose respective terms of office are not coterminous, and that since admittedly the compensation of Judge Rodgers was increased by chapter 12, *supra*, to take effect as of the first Monday in January, 1937, the same increase applied automatically to each of the other members of the court. It is the position of respondents that, while admitting there is one, and one only, superior court of the state of Arizona in Maricopa county, yet said court is not ''composed'' of four judges and that such being the case, the salary increase only takes effect for each individual judge after he has been re-elected to the office which he holds, and qualifies for his new term. The real question is as to the nature and composition of the superior courts of the state. What then is a ''court'' and of what is it ''composed'' within the meaning of the amendment? The word ''court'' is sometimes applied to a place. *Illinois Central R. Co.* v. *Crider,* 91 Tenn. 489, 19 S. W. 618. But generally it refers to an organization composed of individuals, established for the administration of justice. *State* v. *Commissioners,* 19 Nev. 332, 10 Pac. 901. And it obviously is in this latter sense that it is used in the amendment. Of what is such an organization ''composed''? This depends upon the context of the word ''court.'' Sometimes it is both the judge and the jury. *People* v. *Molineux,* 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193. At times the clerk is included. *Oaks* v. *Rodgers,* 48 Cal. 197. It may even be applied to a city council, *Bradley* v. *Bloomfield,* 85 N. J. Law, 506, 89 Atl. 1009; or a mayor, *Malone* v. *Murphy,* 2 Kan. 250; or a board to try election contests, *Pratt* v. *Breckenridge,* 112 Ky. 1, 65 S. W. 136, 66 S. W. 405. But in every case, it will be

found two things concur. The organization always has judicial power and its composition necessarily includes the persons who exercise that power, whether others are included or not. It may be that the powers of the tribunal can be exercised only by unanimous consent of its members; it may be that a majority are sufficient; at times the approval of only one member is necessary, or all three of these methods may be permitted, depending on the circumstances of the case, and the constitution or statute creating the court and fixing its powers. But each and all of the individuals who possess such judicial power are "members" of the same tribunal.

The superior court of Maricopa county is an entity. Its separation into divisions is purely imaginary and for convenience only. The jurisdiction of the court, no matter by which judge it is exercised, is that of the whole court, and not of one judge nor division thereof. *White* v. *Superior Court,* 110 Cal. 60, 42 Pac. 480.

In order to demonstrate that respondents' position is untenable, it is only necessary to carry it out to its logical conclusion. A "court" must be "composed" of something and that something necessarily includes one or more judges. The superior court of Maricopa county which is a single court as we have said, must therefore include one judge or a greater number. If but one, which of the four incumbents is included? If it is Judge Rodgers, what is the status of the other three judges? Do they compose three other courts which cannot be found in the Constitution nor the statutes, or are they wandering judges not members of any particular court? The absurdity of this result demonstrates that the premise with which it starts must be wrong. The only reasonable conclusion which can be reached, if there is but one superior court in Maricopa county and

there are four judges who, in some manner, are connected with that court, is that the court is "composed" of ·these four judges. The mere fact that their powers, by an express provision of the statute, may be exercised separately as well as conjunctively, does not alter the composition of the court itself. *White* v. *Superior Court, supra.* That this is the correct construction of the amendment appears from the case of *Windes* v. *Frohmiller,* 38 Ariz. 557, 3 Pac. (2d) 275. While in that case the specific issue which was argued and decided was whether or not a legislative appropriation was necessary in order to pay the salary of an officer elected for a fixed term, the facts of the case were such that, so far as part of the claimants at least were concerned, it was necessary to assume the position taken by petitioner in the present case, and it was conceded without objection by any of the parties that such position was correct. It is true, as pointed out by respondents, that the question involved herein was never argued to and expressly decided by the court, and so the matter is not, strictly speaking, *stare decisis,* but we think the case is at least persuasive. It is a well-known fact, as shown by the argument in the publicity pamphlets distributed before the election of 1930, that the reason for the amendment being submitted was the obvious injustice that several different men, holding the same office, doing similar work and coequal in authority therein should draw different salaries, and it was because, doubtless, of this injustice, that the amendment was approved by the people.

All of the judges of the superior court of Maricopa county are judges of the same court, coequal in authority and doing precisely the same character of work, and we think they fall within the category to which the amendment was to and does apply.

The judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.