NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KAREN CALCAGNO, *Petitioner/Appellee,*

*v.*

MARTIN AINBINDER, *Respondent/Appellant.*

No. 1 CA-CV 14-0623 FC
FILED 6-14-2016

Appeal from the Superior Court in Maricopa County
No. FC2009-052614
The Honorable Suzanne E. Cohen, Judge

**REVERSED IN PART; AFFIRMED IN PART**

COUNSEL

Warner Angle Hallam Jackson & Formanek PLC, Phoenix
By Catherine Conner, J. Brent Welker, Andrea Simbro
*Counsel for Petitioner/Appellee*

Martin Ainbinder, Scottsdale
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Patricia K. Norris joined.

**J O N E S**, Judge:

**¶1**         Martin Ainbinder (Husband) appeals the family court's orders: (1) releasing to Karen Calcagno (Wife) funds held in escrow following the sale of the marital residence; and (2) awarding Wife a portion of her attorneys' fees and costs.  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**         Husband and Wife were married in 2002 and divorced in January 2011.  The decree of dissolution (the Decree) incorporated a November 2010 Property Settlement Agreement (PSA).[2]  According to the relevant portions of the PSA, Husband would receive the parties' marital residence (the Residence) as his sole and separate property but was required to "cause Wife's name to be released from this mortgage indebtedness on the Residence within one (1) year of entry of the Decree."  Husband was also awarded the entirety of the parties' community interest in various business entities, including Desert Valley Radiology, P.L.C. (DVR), valued at $600,000.  In addition to allocating the parties' assets and liabilities between them, the PSA required Husband to make an equalization payment to Wife in the amount of $398,630 — $100,000 in cash within forty-eight hours of signing the PSA, and $298,630, plus interest, divided into quarterly payments over the next three years.  The PSA further provided that the prevailing party in any legal action required "to enforce any rights under this Agreement . . . shall be entitled to recover from the other all reasonable costs and expenses incurred in bringing such action, including but not limited to reasonable attorneys' fees."

**¶3**         Wife transferred her interest in the Residence to Husband, and Husband paid $100,000 cash to Wife and executed a promissory note

---

[1]     We view the facts in the light most favorable to sustaining the family court's orders. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 522 n.1, ¶ 1 (App. 2007) (citing *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005)).

[2]     Because the PSA was incorporated, rather than merged, into the decree, it retained its contractual nature. *See Chopin v. Chopin*, 224 Ariz. 425, 427, ¶ 6 (App. 2010) ("Generally, when a spousal maintenance agreement is merged into the decree of dissolution, the agreement becomes part of the decree.   . . . However, when a spousal maintenance agreement is incorporated into the decree . . . the spousal maintenance agreement retains its independent contractual status and is governed by principles of contract law.") (citing *LaPrade v. LaPrade*, 189 Ariz. 243, 247 (1997)).

for the balance of the equalization payment (the Note). Husband made the first payment on the Note, but no others. In November 2011, Wife filed a separate civil action seeking damages of $271,931.19, plus interest, attorneys' fees, and costs resulting from Husband's default on the Note; Wife specifically referenced "the terms of the promissory note" as the authority supporting an award of fees. In response, Husband filed a motion to set aside the Decree and PSA, arguing relief was warranted under Arizona Rule of Family Law Procedure 85(C)(1)(f) because he was "forced out" of DVR, resulting in a reduction of his income and available assets and rendering the parties' prior agreement "completely inequitable."

¶4        At Husband's request, the cases were consolidated before the family court, and a contested hearing was held in May 2012. After taking the matter under advisement, the court issued an order denying Husband's motion for relief from judgment because the risk of his separation from DVR "was not so remote to justify relief" and because he did not act promptly in seeking relief. The court also found Husband in default of payment on the Note and, in July 2012, entered judgment in Wife's favor for the remaining balance of the equalization payment (the Equalization Judgment) and granted Wife's request for attorneys' fees and costs "as the prevailing party under the promissory note."

¶5        By October 2012, Husband had failed to make eight payments toward the mortgage associated with the Residence, failed to release Wife from the indebtedness, and petitioned for relief under the Federal Bankruptcy Code. Wife petitioned the family court to enforce the terms of the PSA, requesting the appointment of a real estate commissioner to market and sell the Residence. Wife renewed her request upon dismissal of Husband's bankruptcy case and requested an award of attorneys' fees and costs pursuant to Arizona Revised Statutes (A.R.S.) section 25-324.[3] The court granted Mother's petition and appointed a real estate commissioner in September 2013, but did not make any fee award. Following the sale of the Residence in January 2014, the parties advised the court they could not agree on how the sale proceeds (the Sale Proceeds) were to be distributed, and the court ordered they be held in escrow pending further orders.

¶6        In April 2014, Wife filed a motion to release the Sale Proceeds to her in partial satisfaction of the Equalization Judgment. Although she requested an award of attorneys' fees and costs, she did not specify any

---

[3]        Absent material changes from the relevant date, we cite a statute's current version.

authority for the request. Husband objected, asserting the Sale Proceeds were protected by the homestead exemption found in A.R.S. § 33-1101, and challenged the family court's jurisdiction to rule upon the request in light of its prior practice of referring post-judgment collection issues to the civil division. In August 2014, after concluding it had jurisdiction pursuant to A.R.S. § 25-318(e) and sanctioning Husband for raising an argument to the contrary, the court determined that, although it did not officially impose a lien when the Decree was signed, "the parties['] agreement . . . in the PSA clearly anticipates an equitable lien." The court further determined an equitable lien against the Sale Proceeds was necessary to prevent unjust enrichment and ordered they be disbursed to Wife.

¶7 The court initially declined to award attorneys' fees to either party. Wife thereafter filed a motion for relief from judgment pursuant to Arizona Rule of Family Law Procedure 85(C) arguing the family court erred in denying her an award of attorneys' fees without considering the financial resources of the parties as required by A.R.S. § 25-324. At first, the court denied the Rule 85(C) motion because the parties had not filed updated affidavits of financial information. Upon reconsideration, the court considered the information contained in a February 2014 stipulated child support worksheet, concluded a substantial disparity in income existed between the parties, rejected Husband's argument that he was not aware Wife was seeking fees, and awarded Wife "a portion" of her attorneys' fees and costs incurred in advancing the motion to release the Sale Proceeds. Husband's request for reconsideration was denied.

¶8 Husband timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1), (2).

**DISCUSSION**

I.      **Jurisdiction**

¶9 Although Husband concedes the superior court, generally, had jurisdiction to enter orders regarding enforcement of the PSA, he argues the family court erred in not referring this matter to the civil division for resolution. Husband was sanctioned for making this argument below, and we find it no more compelling on appeal.

¶10 A court has subject matter jurisdiction if it has "statutory or constitutional power to hear and determine a particular type of case." *State v. Maldonado*, 223 Ariz. 309, 311, ¶ 14 (2010) (citations omitted). In Arizona, the superior court is a "'single unified trial court of general jurisdiction.'" *State v. Marks*, 186 Ariz. 139, 142 (App. 1996) (quoting *Marvin Johnson, P.C.*

*v. Myers*, 184 Ariz. 98, 102 (1995)).  As stated long ago by our supreme court, "[the superior court's] separation into divisions is purely imaginary and for convenience only.  The jurisdiction of the court, no matter by which judge it is exercised, is that of the whole court, and not of one judge nor division thereof."  *Peterson v. Speakman*, 49 Ariz. 342, 348 (1937) (citing *White v. Superior Court*, 42 P. 480, 482 (Cal. 1895)).

¶11        The family court division of the superior court has the same jurisdiction to hear matters as the civil division of the superior court.  Accordingly, we find no error.

## II.    Equitable Lien

¶12        Husband argues the family court erred in imposing an equitable lien in favor of Wife and against the Sale Proceeds.  Whether Wife is entitled to an equitable lien presents a mixed question of fact and law.  *See Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010) (citations omitted).  We will uphold the court's factual findings unless they are clearly erroneous or unsupported by any credible evidence.  *Id.* (citing *Hrudka v. Hrudka*, 186 Ariz. 84, 91 (App. 1995)).  But, "we draw our own legal conclusions from the facts found or implied by the family court."  *Id.* (citing *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6 (App. 2002)).

¶13        An equitable lien is "[a] right, enforceable only in equity, to have a demand satisfied from a particular fund or specific property, without having possession of the fund or property."  Black's Law Dictionary (10th ed. 2014).  It can "be created by judicial decree in order to do equity under the peculiar circumstances of the case and prevent unjust enrichment."  *In re Farnsworth*, 384 B.R. 842, 850 (Bankr. D. Ariz. 2008) (citations omitted).  Husband does not dispute the family court's finding that the parties anticipated an equitable lien would arise under the PSA.[4]  Rather, he argues Wife is not entitled to an equitable lien because she did not prove various elements of unjust enrichment.

¶14        Unjust enrichment is proven where there is: "'(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law.'"  *Wang Elec. Inc. v. Smoke Tree Resort, L.L.C.*, 230 Ariz. 314, 318, ¶ 10

---

[4]        Although Husband contends Wife "acknowledged that no equalization payment was owed to her arising from the transfer of the house," the portions of the record he cites do not support his contention.

(App. 2012) (quoting *Freeman v. Sorchych*, 226 Ariz. 242, 251, ¶ 27 (App. 2011)).  Husband first argues Wife did not prove he would be enriched by non-payment of the Equalization Judgment.  In Husband's view, because he is no longer receiving revenue from DVR from which to make payments on the Note to Wife, he is simply a victim, equally harmed by the actions of an unrelated third-party.  We disagree.  Husband fails to appreciate that he would receive a benefit of almost $300,000 in debt relief if the family court declined to enforce the Equalization Judgment it previously entered in favor of Wife.  Moreover, the court already rejected Husband's arguments asserted in support of his motion to set aside the Decree and PSA that he did not know and could not have known that his relationship with DVR would soon end so as to render the Decree and PSA inequitable.

**¶15**        Husband also argues Wife failed to "mitigate her damages" when she rejected Husband's offer, during his bankruptcy proceedings, to make a full but delayed payout of the Equalization Judgment.  Even assuming the doctrine has any application where a judgment creditor attempts to collect an established debt, Wife's decision to decline Husband's settlement offer is not a failure to mitigate damages.  *See Tribby v. Nw. Bank of Great Falls*, 704 P.2d 409, 417 (Mont. 1985) ("We are not persuaded by the contention that refusing an offer to settle is a failure to mitigate damages and we find no direct authority for that proposition."), *cited with approval by S Dev. Co. v. Pima Capital Mgmt. Co.*, 201 Ariz. 10, 22, ¶ 37 (App. 2001).

**¶16**        Finally, Husband asserts his offer of full but delayed payment of the Equalization Judgment was "a remedy provided by law" that would defeat a claim for unjust enrichment.  He is again incorrect.  By definition, neither a settlement, nor an offer of settlement, is a legal remedy in and of itself, but rather a means of resolving a matter for which a legal remedy is sought prior to final adjudication.  *See* Black's Law Dictionary (10th ed. 2014) (defining "settlement" as "[a]n agreement ending a dispute or lawsuit," and defining "settlement offer" as "[a]n offer by one party to settle a dispute amicably (usu[ally] by paying money) to avoid or end a lawsuit or other legal action").

**¶17**        Accordingly, we find no error in the family court's imposition of an equitable lien against the Sale Proceeds.

### III.    Homestead Exemption

**¶18**        Husband next argues the family court erred in determining the homestead exemption did not apply to prevent release of the Sale

Proceeds to Wife. We review the interpretation and application of statutes *de novo*. *Thomas v. Thomas*, 203 Ariz. 34, 36, ¶ 7 (App. 2002) (citing *Wells Fargo Credit Corp. v. Tolliver*, 183 Ariz. 343, 345 (App. 1995)).

**¶19**        The homestead exemption is codified at A.R.S. § 33-1101(A)(1), which provides:

> Any person the age of eighteen or over, married or single, who resides within the state may hold as a homestead exempt from attachment, execution and forced sale, not exceeding one hundred fifty thousand dollars in value, any . . . real property . . . upon which exists a dwelling house in which the person resides.

A person who meets the statutory qualifications holds the exemption by operation of law and does not have to make a written claim for it. A.R.S. § 33-1102(A). The homestead exemption statutes are interpreted liberally to advance their objective of protecting families against a forced sale of their home from certain creditors. *Farnsworth*, 384 B.R. at 848 (citing *In re Foreacre*, 358 B.R. 384, 390 (Bankr. D. Ariz. 2006)). But, "the right to claim a homestead exemption is not unlimited, and equitable considerations are important." *Id.* at 849.

**¶20**        The parties disagree as to whether Wife's interest — which we have already concluded constitutes an equitable lien, *see supra* Part II — is a consensual lien excepted from the homestead exemption pursuant to A.R.S. § 33-1103(A)(1). *Farnsworth* clearly holds that it is; although the amount of the equitable lien is ultimately reflected in a judgment, the lien portion exists as a separately enforceable right. 384 B.R. at 851; *cf. Blalak v. Mid Valley Transp., Inc.*, 175 Ariz. 538, 541 (App. 1993) (noting equitable interests need not be recorded to be enforceable) (citing *Jarvis v. Chanslor & Lyon Co.*, 20 Ariz. 134, 136-37 (1919)). As noted in *Farnsworth*:

> [I]t would be inequitable to allow [a debtor] to use the homestead law . . . to shelter [the debtor's] unjust enrichment. "Equality is equity" is a maxim associated with equitable liens. . . . In addition, if a party could avoid the imposition of an equitable lien by simply filing a bankruptcy proceeding, a previous judicial action declaring the lien's existence, as a matter of equity, would be a futile act which principles of equity would not indulge.

384 B.R. at 850-51 (citations omitted); *see also Strahan v. Haynes*, 33 Ariz. 128, 143-44 (1928) (holding the homestead exemption may not be used to avoid

the consequences of an otherwise free and voluntary agreement). These same principles are applicable where, as here, Husband attempts to avoid his obligations under the PSA by claiming the homestead exemption.

**¶21** Husband relies on *Rogone v. Correia*, 236 Ariz. 43, 49-50, ¶¶ 16-20 (App. 2014), in arguing the homestead exemption may not be denied based upon "discretionary equitable considerations." But, the family court here did not deny Husband the application of the homestead exemption based upon discretionary equitable considerations. Instead, it found the debt to Wife was a consensual lien, one of the "certain expressly enumerated circumstances" excepted from application of the exemption in A.R.S. § 33-1103(A). *Id.* at 49, ¶ 18 ("[A] recorded judgment shall not become a lien on any homestead except as provided under [A.R.S.] § 33-1103 . . . ."). We therefore find no error in the family court's determination that the homestead exemption did not apply to protect the Sale Proceeds from being applied against Husband's debt to Wife.

## IV. Attorneys' Fees

**¶22** Finally, Husband argues the family court erred in amending the judgment to award Wife attorneys' fees because he was not on notice of the basis for the award.[5] We review a trial court's order granting a motion to amend a judgment for an abuse of discretion. *See Mullin v. Brown*, 210 Ariz. 545, 547, ¶ 2 (App. 2005) (citing *Hutcherson v. City of Phx.*, 192 Ariz. 51, 53, ¶ 12 (1998)). We will affirm an award of attorneys' fees if it is supported by any reasonable basis. *Desert Mountain Props. Ltd. P'ship v. Liberty Mut. Fire Ins.*, 225 Ariz. 194, 212, ¶ 80 (App. 2010) (citing *Maleki v. Desert Palms Prof'l Props., L.L.C.*, 222 Ariz. 327, 334, ¶ 32 (App. 2009)).

**¶23** Husband has not cited any authority requiring Wife to cite the specific basis for her request for an award of fees from the family court in a domestic relations matter, and we find none. The court found Husband was on notice of Wife's intent to seek fees, and that finding is supported by

---

[5] Husband also argues the family court erred in granting Wife's Rule 85(C) motion because she was required to appeal the judgment to obtain relief. To the contrary, parties are encouraged to file post-trial motions to allow the trial court the first opportunity to address and correct perceived errors. *See ABC Supply, Inc. v. Edwards*, 191 Ariz. 48, 51-52 (App. 1996) (concluding the trial court had jurisdiction to amend its premature award of attorneys' fees upon request pursuant to Arizona Rule of Civil Procedure 60(c)); Ariz. R. Fam. L.P. 85, cmt. ("This rule is based on Rule 60, *Arizona Rules of Civil Procedure*.").

the record; Wife requested an award of attorneys' fees in her pleadings, as required by Arizona Rule of Family Law Procedure 78(D). If Husband had any doubt as to the nature of or authority for that request, he was free to pursue discovery on the issue. *See Prendergast v. City of Tempe*, 143 Ariz. 14, 22 (App. 1984).

¶24 Husband also argues the family court erred by using income figures reflected in a prior stipulated child support worksheet to assess the disparity in the parties' financial resources. We do not address this contention, however, because the PSA mandates the award of fees to the prevailing party in any "legal action . . . to enforce any rights under this Agreement." Wife's request that the Sale Proceeds be disbursed was an action to enforce her right to the equalization payment provided for in the PSA, and she was entitled to an award of attorneys' fees on this basis, irrespective of the parties' respective financial positions. Husband agrees this provision of the PSA is applicable, and we therefore find no error in the court's award of fees to Wife.

## CONCLUSION

¶25 The family court's orders are affirmed.

¶26 As the successful party, Wife is awarded her costs on appeal pursuant to A.R.S. § 12-341. Wife also requests an award of attorneys' fees pursuant to A.R.S. §§ 12-341.01(A) and 25-324. After considering the reasonableness of the parties' positions and their respective financial resources, we award Wife her reasonable attorneys' fees on appeal pursuant to A.R.S. § 25-324 upon compliance with ARCAP 21(b).



Ruth A. Willingham · Clerk of the Court
F I L E D : AA