DAVID D. STEWART *vs.* EDWIN E. SMITH, Executor.

Somerset.    Opinion October 28, 1903.

*Pleading,* Capacity of Parties, Defendant not Executor. *General Issue* in assumpsit, What it admits, Brief Statement. *Abatement.*

The statute authorizing brief statements of special matter in defense does not supersede the use of pleas in abatement for setting up dilatory defenses.

In assumpsit the defense that defendant is not executor must be pleaded in abatement, otherwise it is waived.

The plea of the general issue admits the capacity in which the defendant is sued.

Preliminary objections like the denial of plaintiff's right to be heard in court, or the want of capacity in either of the parties, should be interposed and determined in limine. The rules of pleading demand that such defenses should be heard before the merits are reached so as to prevent unnecessary costs and delay.

Exceptions by defendant.    Overruled.

Action of assumpsit on two promissory notes with a count on account annexed. Defendant was sued as executor of the last will and testament of Nancy A. Smith, deceased.

The plea was the general issue with the following brief statement:—

"And by way of brief statement under the general issue the said defendant says, that he is not nor ever has been executor of the last will and testament of said Nancy A. Smith, nor ever administered any of the goods and chattels, estate, rights or credits which were of the said Nancy A. Smith, deceased, at the time of her death as alleged."

The facts appear in the opinion.

*D. D. Stewart,* for plaintiff.

*E. N. Merrill, J. S. Williams and Forrest Goodwin,* for defendant.

Counsel conceded the necessity of pleading ne unques executor, but contended that the defense could be raised by brief statement under the general issue, since the act to abolish special pleading.

"That the plaintiff is not administrator, may be pleaded in bar and such plea may be joined with non-assumpsit." *Flynn* v. *Chase,* 4 Denio (N. Y.) 85, 86.    Counsel also cited among other cases *Shepard* v. *Merrill,* 13 Johns. (N. Y.) 475.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, JJ.

WHITEHOUSE, J.   This was an action of assumpsit on two promissory notes signed by Nancy A. Smith and Laura A. Davis, and on an account annexed running against the same parties.   The suit is against the defendant as "executor of the last will and testament of Nancy A. Smith, deceased."   It was entered at the September term of the court for Somerset County in 1901, and the defendant entered a general appearance at that term, but filed no pleadings. The action was continued from term to term until the September term, 1902, when by agreement of parties it was submitted to the presiding judge for hearing and decision with the right of exception. At the hearing before the presiding judge at the September term, 1902, the defendant presented a plea of the general issue and a brief statement "that he is not and never has been executor of the last will and testament of said Nancy A. Smith."   The plaintiff moved the court to reject the plea or brief statement of ne unques executor, because it related to the capacity in which the defendant was sued and should have been pleaded in abatement at the return term of the writ; and because his capacity to be sued as executor of the will of Nancy A. Smith, deceased, was conclusively admitted by his previous plea of the general issue."   The plaintiff offered no evidence and contended that he was not bound to introduce any evidence, of the appointment and qualification of the defendant as executor.   He accordingly moved for judgment on the notes introduced in evidence.   The presiding justice ruled as matter of law that under the pleadings it was unnecessary for the plaintiff to prove the appointment and qualification of the defendant as executor and rendered judgment for the plaintiff in the sum of $1605.62.

The case comes to this court on exceptions to this ruling.

The question of pleading thus presented for the determination of the court must be deemed res judicata in this State. The ruling of the presiding justice was correct. *Clark* v. *Pishon*, 31 Maine, 503; *Brown* v. *Nourse*, 55 Maine, 230, 92 Am. Dec. 583. In *Clark* v. *Pishon*, the suit was brought by the plaintiff as administrator, and the defendant pleaded in bar that the plaintiff was not administrator. The court rejected the plea. The defendant then pleaded the general issue with a protest that he did not waive the defense set up in the plea in bar but reserved the right to avail himself of it at any stage of the case. "By pleading in bar," said the court, "the defendant admitted the plaintiff's capacity, though in the very plea he denies it. There was an incongruity. The plea was rightfully rejected. So also was the plea containing the protest."

This rule of pleading was again brought in question in *Brown* v. *Nourse*, supra. That was also an action in which the plaintiff sued as administrator. At the return term the defendant filed a plea in abatement of ne unques administrator, which was adjudged bad on demurrer because not verified by affidavit. The defendant then pleaded the general issue with a brief statement alleging in bar that the plaintiff "was never duly appointed administrator in this state." It was again held that the question of the plaintiff's capacity to sue can be raised only by plea in abatement. In the opinion the court say: "This question seems to have been directly determined by this court in the case of *Clark* v. *Pishon*, 31 Maine, 503. It was there held that,—'by pleading the general issue the defendant admitted the plaintiff's capacity.' This case was decided after the decision in *Langdon* v. *Potter*, 11 Mass. 315, in which a different doctrine is indicated, although that case was cited by counsel in *Clark* v. *Pishon*. On examination of the authorities, we are satisfied that the decision by our own court is, to say the least, as well supported in every respect as the contrary doctrine. . . . . .

"The principle which lies at the bottom is, that where, independently of all merits, a party would deny the capacity of the plaintiff and his right to be heard in court in the case, the objection must be interposed in limine, so as to prevent unnecessary costs and delay. It is a safe and extremely convenient rule in practice, and not unrea-

sonable in its requirements.    It only demands that what is prelimi-
nary in its nature shall be interposed and determined before the
merits are reached.    We do not see any sufficient reason for over-
ruling *Clark* v. *Pishon.*"

Each of the foregoing cases, it is true, relates to an action brought
by the plaintiff as administrator, and not to one in which the defend-
ant is sued in his capacity as executor or administrator.    But a
fortiori the same rule must apply in the latter case.    When the defend-
ant in the suit is made a party in his representative capacity, the reason-
ableness and practical convenience of the rule are still more apparent.
It must of course be a matter more peculiarly within the knowledge
of the defendant whether he is an executor or not, and if he would
make the objection that he is not, it is only reasonable and just that
the objection should be interposed by plea in abatement "so as to pre-
vent unnecessary costs and delay."    *Clements* v. *Swain,* 2 N. H. 475;
*Kittredge* v. *Folsom,* 8 N. H. 98.

Under the pleadings in the case at bar, the defendant's representa-
tive capacity must be regarded as admitted, and it was not incumbent
upon the plaintiff to prove the appointment and qualification of the
defendant as executor.

*Exceptions overruled.*