259 P.2d 256

**COCONINO COUNTY v. LEWIS.**

No. 5795.

Supreme Court of Arizona.

June 29, 1953.

H. K. Mangum, County Atty., and T. M. Flick, Deputy County Atty., of Flagstaff, for appellant.

McQuatters & Stevenson, by Neil V. Christensen, of Flagstaff, for appellee.

WINDES, Justice.

This matter is presented to the court on the essential facts as stipulated, which are substantially as follows: Appellee at the general election held in November, 1950, was elected clerk of the superior court in and for the county of Coconino for a term of four years beginning January, 1951. At the time of her election the salary for this office was $3,200 per year. In 1952, the legislature by amendment increased this salary to $4,200 per year and also increased the salaries of judges of the superior court. Session Laws of 1952, Twentieth Legislature, Second Regular Session, Chapter 37. In the general election held in November, 1952, three judges of the superior court were elected (two in Maricopa County and one in Pima County), and the salary increase for all judges of the superior court became operative in January, 1953. Appellee filed suit against the county of Coconino for a declaratory judgment asking that she be declared to be a member of the superior court of Arizona and entitled to the salary increase as of January, 1953, when the same became effective as to the judges of the superior court. Following summary judgment in her favor, the county appealed.

The Arizona Constitution prohibits the legislature from increasing the salary of a public officer during his term of office unless he be a member of a court, board or commission composed of two or more officers whose terms of office are not coterminous. In that event, when the increase becomes effective as to any of such members it becomes effective as to all thereof. Article 4, Part 2, § 17, Arizona Constitution.

Appellee's position is that when the salary increase provided in Chapter 37, supra, became operative as to the superior court judges elected in 1952, it became operative as to her for the reason that she is a member of the superior court of Arizona. Originally this provision of the constitution prohibited the legislature from increasing the salary of any official during his term of office without exception. The law provides that the terms of certain judges (supreme court judges, for illustration) and commissioners (corporation and tax commissioners) be staggered, with the result that prior to the amendment when there was a legislative increase, certain judges and commissioners sitting together, rendering the identical services and performing the identical work, would receive discriminating salaries until all their terms expired. In other words, if the constitutional inhibition were now in effect, two judges of this court would be receiving substantially greater compensation than the other three, and two members of the corporation commission would be receiving less than the one elected in the last election. To remedy this discrimination, the people amended Article 4, Part 2, § 17 of the constitution by adding the following proviso:

"* * * provided, however, that when any legislative increase or decrease in the compensation of the members of any court, board, or commission, composed of two or more officers or persons, whose respective terms of office are not coterminus, has heretofore or shall hereafter become effective as to any member of such court, board, or commission, it shall be effective from such date as to each of the members thereof."

The conditions heretofore related prompted the amendment, and the purpose thereof was to equalize the compensation of officers performing like services. It was never intended thereby to equalize the compensation between the judges of the superior court and the clerks thereof. It was intended to create equality between officers of the same classifications. Even after the amendment adding the foregoing proviso, inequities resulted. Maricopa County with several judges whose terms of office were not coterminous received the benefit of increased compensation, while judges of other counties with only one judge of the superior court were denied such increase until after the termination of their respective terms. The matter was brought to this court with the contention that all superior courts of the state were one court, and

when a salary increase became operative as to any superior court judge in the state it became operative as to all thereof. We held the superior courts of the respective counties were separate courts, with the result that some judges got the benefits of the salary increase two years prior to others. Faires v. Frohmiller, 49 Ariz. 366, 67 P.2d 470. Subsequent to this decision, the people again amended the constitution by adding thereto the following:

"The superior courts provided for in this article are hereby declared to be a single court of the state of Arizona, composed of all the duly elected or appointed and qualified judges of the superior court in each and all of the counties of the state." Article 6, § 25.

This amendment dissipated the effect of Faires v. Frohmiller, supra, with the result that when a statute increases the salary of judges of the superior court and it becomes effective as to any thereof, it becomes effective as to all.

From the historical background of these constitutional amendments and the purpose that prompted them, it is clear that the use of the term "members of a court" was never intended to include the clerk of the court. It is true that a court is sometimes spoken of as an organization which might include the clerk and other officers of the court as was stated in Peterson v. Speakman, 49 Ariz. 342, 66 P.2d 1023; but these assistants are not members of the court as that term is used in the constitution. The clerk's office is essentially ministerial and not judicial. His duties are to keep the records, enter judgments and orders as directed by the court, issue process, and otherwise perform the clerical work required by the statute and required by the court to keep its records. 14 C.J.S., Clerks of Courts, § 1. When the constitution under discussion speaks of members of the court, it means the judicial officers of the court.

The judgment is reversed with directions to dismiss the complaint.

STANFORD, C. J., and PHELPS, LA PRADE, and UDALL, JJ., concurring.