264 P.2d 409

**JASPER v. BATT et al.**

No. 5646.

Supreme Court of Arizona.

Nov. 23, 1953.

Rehearing Denied Dec. 22, 1953.

329

Darnell, Robertson, Holesapple & Spaid, Tucson, Richard Fish and Richard C. Briney, Tucson, of counsel, for appellants.

Hall, Catlin & Molloy, Tucson, for appellees.

STANFORD, Chief Justice.

This is an appeal from an order granting plaintiffs' motion to vacate a judgment theretofore entered in favor of defendant. To understand the difficult and interesting

legal questions presented by the appeal, we shall set forth the facts in some detail.

Charles Batt and seven of his minor children were passengers in an automobile owned and being driven by one Floyd Cassidy, and on September 3, 1950, near Cienega Wash in Pima County, on the Tucson-Benson Highway, the Cassidy car collided with a car being driven by one C. M. Hightower. As the result of this collision, four of the Batt children were killed, and the father and the other three children were grievously injured.

On October 10, 1950, Charles Batt as plaintiff, individually, and as next of friend to his three surviving children, brought an action in the Pima County Superior Court against defendant, C. M. Hightower, alleging his negligence as the proximate cause of the injuries and deaths.

Personal service of the complaint and summons was had upon the defendant Hightower in Pima County. On October 14, 1950, Mr. Hightower, before answering, died at St. Mary's Hospital in Tucson, as a result of the injuries received by him in the collision. Decedent Hightower and his wife, Nellie B. Hightower, were at all times domiciliaries of the state of California, and owned property therein.

The Los Angeles Superior Court appointed the widow, Nellie B. Hightower, executrix of the last will and testament of her deceased husband, and she qualified as such. No steps were taken to have ancillary probate proceedings initiated in Arizona, but on November 28, 1950, by written agreement of counsel representing all parties to the pending action, it was stipulated that "Nellie B. Hightower, as Executrix under the Last Will and Testament of Clark Matthews Hightower, the above named defendant, now deceased, be and she is hereby substituted as party defendant in the above entitled matter." On the same date the Pima County Superior Court entered its order of substitution. Later that day an answer to the merits was filed by the executrix.

Trial was had before a jury on the issues presented by the pleadings, and on September 22, 1951, the jury returned a unanimous verdict in favor of defendant Nellie B. Hightower, as executrix under her husband's last will and testament, and against all of the plaintiffs. There is no contention that errors were committed at trial. Upon motion of counsel for defendant, judgment was entered on the verdict the same day rendered.

On October 24, 1951, plaintiffs filed a motion to vacate the said judgment upon the grounds:

"1. That the Court lacked jurisdiction to enter the judgment of September 22, 1951.

"2. That the Court lacked jurisdiction over the subject matter insofar as said judgment is concerned.

"3. That the Court lacked jurisdiction over Nellie B. Hightower in that

* * * (she) had no right, power or authority to represent the estate of Clark M. Hightower (in Arizona), and as a result the said estate was not a party to the action as far as said judgment is concerned."

This was the first time that plaintiffs had raised any objection whatever to the court's jurisdiction to hear and determine the case or to enter said judgment, or as to the power or capacity of Nellie B. Hightower to appear and defend said action as executrix. In their brief they concede that four days before trial (when Mrs. Hightower's deposition was taken in California) they knew her appointment as executrix stemmed from an order of the California court and that no estate proceedings were pending in Arizona. The trial court, on December 1, 1951, granted plaintiffs' motion to vacate the judgment, "for the reason that the court is without jurisdiction to enter said judgment."

It further appears from the record that counsel for defendant Nellie B. Hightower, executrix, in both oral argument and in the memoranda opposing the motion to set aside the judgment, urged that if the court believed there was a defect of party-defendant it should grant an extension of time within which Nellie B. Hightower might qualify as executrix in ancillary proceedings to be initiated immediately in Arizona, in order that she might be substituted in such capacity as defendant in said action. Counsel urged that if such

substitution were made, under the rules of civil procedure and statutes and laws of Arizona, it would have the legal effect of a trial amendment relating back to the filing of defendant's answer. On the other hand, plaintiffs urged upon the trial court that the problem of a defect of party defendant was not involved, and accordingly objected to the requested delay, arguing that the proposed substitution could not cure the jurisdictional defect. By granting the motion to vacate judgment, the trial court in effect adopted plaintiffs' theory and refused to permit the requested substitution. This refusal is assigned as error.

Defendant Nellie B. Hightower, as executrix, gave timely notice of appeal from the order granting the motion to vacate the judgment, and perfected this appeal. After the appeal was docketed, the parties, without waiving their respective contentions, stipulated that Norval W. Jasper, who on October 3, 1952, had received from the Pima County Superior Court letters of administration with the foreign will annexed of the estate of Clark M. Hightower, deceased, be substituted as party defendant in this cause and as the appellant in this appeal. An order permitting the substitution according to the terms of the stipulation was entered October 4, 1952, in this court. This substitution establishes the fact that there was property in the state within the jurisdiction of the lower court. In oral argument it was admitted that the

332

jurisdictional basis for the appointment of Jasper was a policy of public liability insurance.

While defendant-appellant presents four separate assignments of error, he states the primary question involved is:

"Did the Superior Court of Arizona have jurisdiction in the action before it to render judgment against the plaintiffs and in favor of defendant Nellie B. Hightower as executrix under the last will and testament of Clark Matthews Hightower, deceased, in accordance with the verdict of the jury?"

In fact, the controlling question is whether the court had jurisdiction over the subject matter of the action—the power to try the case and render the judgment.

■ It is elementary that the parties cannot by stipulation or otherwise create jurisdiction and thereby confer upon the court a power not given by law. The source of the power of the court is the constitution and statutes and it cannot be increased nor altered by consent or agreement. If it had no power to try the litigation or render the judgment with the foreign executrix representing the Arizona estate, such could not be conferred by stipulation and in that event the trial and the judgment were an empty effort. On the other hand if it be not a lack of jurisdictional power but merely a lack of authority on the part of the foreign executrix to appear and represent the Arizona estate,

the stipulation and the resulting judgment are binding on the parties.

Plaintiffs' contention is that upon the death of defendant Hightower the subject matter of the action was converted into an action in rem or quasi in rem, and before the court would have any power or jurisdiction to proceed further the res— the Arizona estate—must be brought into court by an Arizona-appointed representative thereof, and the parties cannot by agreement or stipulation authorize the foreign executrix to bring this res before the court and thereby enable it to proceed with the action.

■■ Under the provisions of Section 21–534, A.C.A.1939, the action does not abate. This means it is still pending but there can be no further proceedings until there is brought into court by substitution a defendant in a representative capacity, a defendant representing the estate of the deceased defendant. The problem thus presented is the legal effect of the agreement of the parties that one had authority to represent the estate and to proceed to a final determination of the case on that basis, when in fact the one agreed upon had no such authority. We think the parties are bound by such stipulation and determination. The court had jurisdiction to try and determine the case as originally instituted, and the court had the jurisdiction and power to proceed with the case when there was brought before it one who was represented by both parties as having

the authority to represent the estate. It is thus resolved into a question not of the court's power but of the defendant's authority to appear in a representative capacity.

Rule 9(a), Rules of Civil Procedure, Section 21–413, A.C.A.1939, provides that if a party litigant desires to raise the issue of the authority of one to be sued in a representative capacity, it must be done by specific negative averment. Rule 12(h), Rules of Civil Procedure, Section 21–436, A.C.A.Supp.1952, provides in effect that any objection to such authority is waived unless presented before trial. Trounstine v. Bauer, Pogue & Co., 2 Cir., 144 F.2d 379; Trico Electric Co-operative v. Ralston, 67 Ariz. 358, 196 P.2d 470. Under these rules plaintiffs' mouths are closed and the court, after trial, verdict and judgment on the merits cannot permit them to say that one whom they presented as a defendant qualified to represent the estate had no such qualification. If the plaintiffs desired to proceed with this case which was still pending, it was their obligation to bring the proper defendant before the court, and having brought one whom they represented had authority to defend the action in a representative capacity, they cannot now question such authority.

 Plaintiffs suggest that had they been successful, their judgment would have been void and not a valid claim against the Arizona estate. We do not decide this question as to parties not before the court

who might have an interest in the estate. We do hold, however, that all parties to the litigation, so far as their personal interests are concerned, waived any question as to authority and were bound by the result. Stewart v. Smith, 98 Maine 104, 56 A. 401. Nellie B. Hightower having by stipulation represented she had authority to appear and defend the action on behalf of the Arizona estate, had equally with the plaintiffs waived her right to question the untruthfulness of such representation.

 While the point was not briefed, we think there is another sound reason for sustaining the judgment. Assuming that Nellie B. Hightower had no legal right to take upon herself the defending of a lawsuit against the estate in Arizona, she by having done so placed herself in the position of intermeddling and thereby became in effect an executrix de son tort. Davis v. Connelly's Executors, 4 B.Monroe, Ky., 136. We are not unmindful that there is some division of authority as to whether a foreign executor may become an executor de son tort, 21 Am.Jur., Executors and Administrators, Section 841, but we think the better rule is that under the circumstances here shown a foreign executor is an intermeddler in the affairs of the local estate to the extent that he becomes one de son tort. Davis v. Connelly's Executors, supra. The rule is that if one assumes to act as an executor without authority and the acts are such as a legally appointed executor could have or should have per-

**334**

formed and the actor is subsequently appointed, the appointment relates back and his former unauthorized acts are validated. 21 Am.Jur., Executors and Administrators, Section 848. The application of this rule to the case at bar refutes the thought of no jurisdiction over the subject matter of the litigation. If she had been legally appointed as the Arizona representative, certainly she not only could have but would have been legally bound to defend the lawsuit and had she done so and thereafter been legally appointed, the appointment would relate back and in the absence of fraud would validate her activity in representing the estate. Such a rule is inconsistent with the idea that the court had no power to try the litigation. This rule has been applied where one other than the executor de·son tort is lawfully appointed and thereafter ratifies unauthorized acts which had he been the executor he could or should have performed. Barrett v. Steele, 189 Okl. 501, 117 P.2d 1020, 1022. In this case the Oklahoma court used the following language:

"One of the statutory duties of an administrator is to defend actions against the estate of his intestate. In the instant case the act of Yates in appearing in the Supreme Court in the former case on revivor was among the duties of the true administrator. If Yates acted in good faith, without extrinsic fraud, the administrator was bound by the results."

Jasper, had he been appointed prior to the trial, would have been obligated to defend the suit for the protection of the estate. By his subsequent appointment and appearance in this court as the appellant, he necessarily ratifies the former conduct of Nellie B. Hightower in doing what he would have and should have done had he been then authorized. Under this rule the acts of Nellie B. Hightower in defending the action are validated.

Reversed with instructions to reinstate judgment for the defendant.

PHELPS, LA PRADE, UDALL, and WINDES, JJ., concurring.