606 P.2d 28

John Eiji YAMAMOTO, dba Jeyco Produce Co., a sole proprietorship, Plaintiff/Appellant,

v.

SANTA CRUZ COUNTY BOARD OF SUPERVISORS as Representatives of Santa Cruz County of the State of Arizona; The Superior Court of the State of Arizona in and for the County of Santa Cruz; Hazel Wise as Superior Court Clerk of Santa Cruz County, Arizona; Justice Gilbert Soto as the Justice of the Peace of Precinct Number One in and for the County of Santa Cruz, State of Arizona, Defendants/Appellees.

No. 2 CA–CIV 3313.

Court of Appeals of Arizona, Division 2.

Dec. 4, 1979.

Rehearing Denied Jan. 9, 1980.

Review Denied Feb. 5, 1980.

Dennis T. Fenwick, Nogales, for plaintiff/appellant.

Richard N. Groves, Santa Cruz County Atty. by William Rothstein, Chief Deputy County Atty., Nogales, for defendants/appellees.

## OPINION

RICHMOND, Chief Judge.

Appellant commenced this action by filing a five-count complaint against various defendants for recovery of $3,700 he had deposited as part of a $4,000 cash appeal bond on behalf of one of his employees. The trial court dismissed the complaint as to the Superior Court of the State of Arizona, the clerk of the court, and justice of the peace, and entered summary judgment in favor of the Santa Cruz County Board of Supervisors.[1] We affirm.

The employee had been tried in the Justice Court of Precinct Number One, Santa Cruz County, on a charge of failure to provide title to an automobile. After he was found guilty and remanded to the county jail for six months straight time, an appeal-appearance bond was set at $4,000. Appellant delivered a cashier's check in that amount to the clerk of the justice court, which then issued its own check for $4,000 to the clerk of the Santa Cruz County Superior Court as an appeal bond. The county attorney and employee's attorney, who believed the justice of the peace had exceeded his jurisdiction in requiring a $4,000 bond, stipulated that it be reduced to $300. Pursuant to the stipulation, a superior court judge ordered the clerk to refund $3,700 "by check made payable to both defendant and his counsel and transmitted to counsel." Later, the employee's motion to dismiss the prosecution was granted and the balance of the bond was ordered exonerated. By that time the employee's attorney had been notified that appellant and not the employee had posted the bond, and he transmitted the $300 balance to appellant.

After an informal demand for return of the $3,700, appellant commenced this action against the board of supervisors, the superior court, the clerk of the superior court, and the justice of the peace, as well as the employee and his counsel.

■ The trial court granted appellee superior court's motion for summary judgment on the ground that a court is not *sui juris* and therefore not a proper party defendant, citing *Malone v. Court of Common Pleas of Cuyahoga County,* 45 Ohio St.2d 245, 344 N.E.2d 126 (1976); *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 296 N.E.2d 544 (1973). We agree. A court has no jurisdiction until a party is brought before it who legally exists and is legally capable of being sued. *Florida Medical Association, Inc. v. Spires,* 153 So.2d 756 (Fla.App.1963).

■ Dismissal of the complaint as to appellees Hazel Wise as Clerk of the Santa Cruz County Superior Court and Justice Gilbert Soto, Justice of the Peace of Precinct Number One in Santa Cruz County,

---

1. The judgment contained the finding required for an appeal by 16 A.R.S. Rules of Civil Procedure, rule 54(b).

**540**

was correct based on judicial immunity. The clerk's acts are essentially ministerial. *Coconino County v. Lewis,* 76 Ariz. 88, 259 P.2d 256 (1953); *Manning v. Palmer,* 381 F.Supp. 713 (D.C.Ariz.1974). Appellee Wise made the payment of $3,700 to the order of the employee and his counsel pursuant to the order of the superior court judge who reduced the appeal bond. She therefore was protected by the doctrine of judicial immunity. *Dieu v. Norton,* 411 F.2d 761 (7th Cir. 1966). And a judge will not be deprived of immunity because action he took was in error, done maliciously or in excess of his authority, but only if he acted in clear absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). That was not the case here.

On the board of supervisors' motion for summary judgment, the trial court found that the failure of appellant to follow the procedure for filing a claim against a county required by A.R.S. § 11–621, et seq., precluded subject matter jurisdiction, citing *Norcor of America v. Southern Arizona International Livestock Assoc.,* 122 Ariz. 542, 596 P.2d 377 (App.1979). We agree as to the counts for breach of contract, quasi-contract, and mandamus. No such claim need be presented, however, for conversion or negligence, the tort theories on which the other two counts are based. *Id.* at 596 P.2d 379. Nevertheless, the judgment was proper. The only acts alleged in the tort counts were those of the clerk and her deputy, and the justice of the peace. Their duties are imposed by law, not by the county. Having no right of control over either, the county cannot be liable for their torts under the doctrine of respondeat superior. *See Fridena v. Maricopa County,* 18 Ariz.App. 527, 504 P.2d 58 (1972).

The judgment is affirmed.

HOWARD and HATHAWAY, JJ., concurring.