786 P.2d 1033

David S. BENJAMIN, Edwin L. Carlson, Melvin M. Gibbs, John G. Glover, Thomas A. Hawkins, Sr., Preston M. Henry, Louis K. Jones, Matthew Koczwanski, Walter Mulvihill, John K. Peffers, Jacob C. Rogers, Samuel Rubin, Richard C. St. Amand and Leo Wohl, Plaintiffs/Appellants,

v.

ARIZONA DEPARTMENT OF REVENUE, and Arnold Jeffers, Pima County Assessor, in his official capacity, Defendants/Appellees.

No. 2 CA–CV 89–0103.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 19, 1989.

Review Denied Feb. 26, 1990.

Southern Arizona Legal Aid, Inc. by William E. Morris, Tucson, for plaintiffs/appellants.

Robert K. Corbin, Atty. Gen. by James D. Winter, Phoenix, and Stephen D. Neely, Pima County Atty. by Paul E. Tang, Tucson, for defendants/appellees.

OPINION

LACAGNINA, Judge.

David S. Benjamin and other disabled veterans have been denied a veterans' tax exemption because they were not residents of Arizona before September 1, 1945, or for a total of four years prior to their induction or enlistment in the United States Armed Forces. They appeal from the trial court order that the tax exemptions were invalid because the unconstitutional residency qualifications of article 9, § 2(2) and (3) of

the Arizona Constitution were not severable from either section.

Both parties agree that the residency requirements violate the equal protection clause of the fourteenth amendment to the United States Constitution. *Hooper v. Bernalillo County Assessor*, 472 U.S. 612, 105 S.Ct. 2862, 86 L.Ed.2d 487 (1985). The sole issue before us is whether the trial court was correct in holding that the unconstitutional residency requirements could not be severed from the remaining provisions for veterans' exemption because the remaining provisions would no longer reflect the intent of the voters who approved the constitutional amendment by referendum.

In its order the trial court stated:

It would be nothing short of fraud to represent to the voters that they were merely passing a limited relief provision only to have that, years later, expanded without their consent.

We affirm the judgment of the trial court.

■ The issue of severability depends on the court's ability to determine the intent of the lawmakers who enacted the statute, ordinance or constitution, in order to give full effect to their intent. *See Ward v. Stevens*, 86 Ariz. 222, 344 P.2d 491 (1959); *City of Phoenix v. Yates*, 69 Ariz. 68, 208 P.2d 1147 (1949). We are guided in our search for legislative intent by certain recognized presumptions enumerated in *Millett v. Frohmiller*, 66 Ariz. 339, 342–343, 188 P.2d 457, 460 (1948), where our supreme court stated:

The law concerning the severability of statutes is well settled.

" * * * the valid part of a statute will be sustained where the valid and invalid parts are so separate and distinct that it is clear or may be presumed that the legislature would have enacted the former without the latter, if it had known of the invalidity, or, as otherwise stated, if the valid or invalid parts are not so intimately connected as to raise the presumption that the legislature would not have enacted the one without the other, the act will be upheld so far as valid. On the other hand, the whole statute will be declared invalid where the constitutional

and unconstitutional provisions are so connected and interdependent in subject matter, meaning, and purpose as to preclude the presumption that the legislature would have passed the one without the other, but, on the contrary, justify the conclusion that the legislature intended them as a whole and would not have enacted a part only." 59 C.J., Statutes, Sec. 206.

■ The amendments to article 9 in question here were adopted by a vote of the people by referendum from the legislature. We must determine whether or not the people of Arizona would have voted in favor of the veterans' tax exemptions without the restrictive residency requirements contained in each amendment. To determine the answer, we may consider the context of the provisions, the language used, the subject matter, the historical background, the effects and consequences, and the spirit and purpose of the law. *Arizona Newspapers Ass'n v. Superior Court*, 143 Ariz. 560, 694 P.2d 1174 (1985).

Beginning with the first amendment to article 9 adopted in 1928, and each amendment thereafter, the exemption given to veterans has always been limited by specific residency requirements. According to the state publicity pamphlets for the referendums on each of these amendments, the 1928 amendment required residency before January 1, 1927; the 1946 amendment required residency before September 1, 1945, and the 1968 amendment required residency before September 1, 1945, or four years prior to entry into the military. In addition, the 1968 amendment phased out and eliminated the exemption in its entirety for non-disabled veterans who served after World War I. The 1980 amendment refined the limitation of the tax exemption to disabled veterans based upon the percentage of their disability.

■ Because the enactment of the tax exemption has historically been linked with certain specific residency requirements, this court can only conclude that the residency requirements are inseverably linked to the exemption. The context of article 9 and the express language limiting the exemption to qualifying veterans based on specific residency requirements reflects the

**184**

intent of the voters. The obvious intent was to provide an exemption only to the class of veterans limited by the residency requirements contained in each constitutional amendment. The phasing out and elimination of the exemption for all but disabled veterans is strong evidence of the voters' intent to limit the size of the class receiving the benefits of the exemption.

We are not insensitive to the fact that as a result of the trial court judgment, which we affirm, the small relief from property taxation given to disabled veterans is eliminated, but the court's function is to determine the intent of the voters, not to legislate benefits unintended by the legislators. If it is desirable, the legislature can restore the benefits given in article 9 to disabled veterans by enactment of an amendment without the unconstitutional residency requirements. Nothing in the history, language or consequences of the amendments indicates an intent by the voters to give a tax exemption to all disabled veterans who live in this state or that, if the voters had known the limiting residency requirements were unlawful, they would have passed the legislation without limitations. *Millett v. Frohmiller, supra.*

Affirmed.

LIVERMORE, P.J., and FERNANDEZ, C.J., concur.