BROWN, Judge:
¶1 Shannon K. Randall appeals the trial court's ruling that an affidavit of renewal filed in the superior court of the county in which a transcript of a justice court judgment was docketed, instead of in the superior court of the county in which the judgment was obtained, complied with statutory renewal requirements. She also challenges the court's award of post-judgment attorneys' fees and costs. For the following reasons, we affirm the ruling that the judgment was properly renewed and the award of costs for the subsequent garnishment proceeding. We vacate, however, the award of attorneys' fees and remand for further proceedings.
BACKGROUND
¶2 In 2011, the Casa Grande Justice Court (Pinal County) entered judgment in favor of Ironwood Commons Community Homeowners Association, Inc. ("Ironwood") and against Randall in the amount of $4,089.05 arising from her delinquent assessments. The judgment included a clause purporting to award attorneys' fees and costs incurred in collecting the judgment. In 2014, Ironwood filed a transcript of judgment in the Maricopa County Superior Court and two days later recorded the judgment, also in Maricopa County.
¶3 To prevent the judgment from lapsing, Ironwood filed an affidavit of judgment renewal in the Maricopa County Superior Court in 2016, stating that the justice court judgment "ha[d] not been recorded or docketed in any other county." Ironwood then filed an application for garnishment, a post-judgment statement of costs, and an application for post-judgment attorneys' fees. The clerk of the court issued a writ of garnishment, and the trial court awarded attorneys' fees ($1,130) and costs ($510.77).
¶4 Randall moved to quash the writ of garnishment, arguing execution on the judgment was prohibited under Arizona Revised Statutes ("A.R.S.") section 12-1551(B) because the judgment was not properly renewed. Randall also filed a motion to vacate the award of attorneys' fees and costs, asserting the award was not grounded in any statutory or contractual provision and the justice court judgment was invalid. Ironwood opposed both motions and also filed an application *1195 for order of continuing lien against Randall's non-exempt earnings, which the court granted.
¶5 During oral argument on the motions, Randall argued the justice court judgment expired because the affidavit of renewal should have been filed in the Pinal County Superior Court to give her proper notice. The trial court rejected the argument and, citing A.R.S. § 33-962(A) and § 12-1612(A), ruled that the "proper court" for filing a renewal affidavit was "the court where the judgment was docketed," which in this case was the Maricopa County Superior Court. The court upheld its previous award of attorneys' fees and costs to Ironwood and this timely appeal followed.
DISCUSSION
A. Proper Court for Judgment Renewal
¶6 Randall contends the justice court judgment cannot be enforced against her because it was not renewed in accordance with A.R.S. § 12-1612. We review issues requiring statutory interpretation de novo. State ex rel. Indus. Comm'n of Ariz. v. Galloway , 224 Ariz. 325, 327, ¶ 7, 230 P.3d 708, 710 (App. 2010). When interpreting statutes, we will "effectuate the text if it is clear and unambiguous." BSI Holdings, LLC v. Ariz. Dep't of Transp. , 244 Ariz. 17, 19, ¶ 9, 417 P.3d 782, 784 (2018). "In construing a specific provision, we look to the statute as a whole and we may also consider statutes that are in pari materia -of the same subject or general purpose-for guidance and to give effect to all of the provisions involved." Stambaugh v. Killian , 242 Ariz. 508, 509, ¶ 7, 398 P.3d 574, 575 (2017).
¶7 Subject to exceptions not applicable here, a judgment expires unless it is timely renewed, see A.R.S. § 12-1551(B), which may be accomplished by affidavit as provided in A.R.S. § 12-1612(A) :
A judgment for the payment of money that has been entered and docketed in the civil docket or civil order book of the United States district court or superior court, whether originally rendered by it or entered on a transcript of judgment from another court, or recorded with the county recorder, may be renewed by filing an affidavit for renewal with the clerk of the proper court.
¶8 A justice court judgment "may be prepared for recording" by filing a certified transcript of judgment with the "clerk of the superior court." A.R.S. § 33-962(A)(1). From the time of its filing, the transcript of judgment is "deemed the judgment of the superior court, ... in the control of the superior court, and ... carried into execution in the same manner and with like effect as a judgment of the superior court." Id . Pursuant to A.R.S. § 22-246, "real property or any interest therein" cannot be "levied upon or sold by virtue of any [justice court] judgment" until the transcript of judgment is first filed in the "superior court of the county where the judgment was given."
¶9 Relying on § 12-1612(A), Randall argues a judgment may be renewed only if an affidavit of renewal is filed in the superior court of the county where the "judgment was originally obtained." Ironwood counters that because § 12-1612(A) contemplates a justice court judgment may be filed as a transcript with any superior court, the judgment may also be renewed in that superior court, regardless of the originating county. Both parties cite this court's opinion in J.C. Penney v. Lane , 197 Ariz. 113, 3 P.3d 1033 (App. 1999), in support of their positions.
¶10 In J.C. Penney , the Page Justice Court (Coconino County) entered a money judgment in favor of a judgment creditor, who then recorded the judgment with the Coconino County Recorder's Office and later filed it in the Coconino County Superior Court. 197 Ariz. at 114, 118, ¶¶ 2, 24, 3 P.3d at 1034, 1038. The creditor mistakenly filed a renewal affidavit in the Maricopa County Superior Court. Id. at 114, ¶ 3, 3 P.3d at 1034. The error was not detected until after the judgment lapsed, and the judgment creditor asked the Coconino County Superior Court to enter the affidavit in its records and accept it as a timely renewal of the judgment. Id. at 114, ¶ 4, 3 P.3d at 1034. The reviewing judge granted the request, explaining there is only one superior court in Arizona and the erroneous filing in Maricopa County was "merely a venue error." Id.
*1196 ¶11 On appeal, we noted that the Page Justice Court judgment was "rightly filed" in the Coconino County Superior Court, where it was entered and docketed. Id. at 118, ¶ 24, 3 P.3d at 1038. Construing A.R.S. § 12-1612(A) with related statutes, we explained:
The only conclusion that can be reached from reading these provisions in the renewal of judgment statutes is that the affidavit is to be filed with the clerk of the superior court in the same county in which the judgment was docketed so that it can be maintained with the other records concerning that judgment. It would make no sense for the affidavit to be filed with the clerk of the superior court in a different county who would have no records concerning that judgment.
197 Ariz. at 118, ¶ 27, 3 P.3d at 1038. We therefore held that "if the judgment was a Coconino County Superior Court judgment, the affidavit of renewal of the judgment was not effective unless timely filed in the Coconino County Superior Court rather than in the superior court located in some other county." Id. at 119, ¶ 33, 3 P.3d at 1039.
¶12 We rejected the argument that because the superior courts are deemed a "single court" under our constitution, a renewal affidavit may be filed in the superior court of any county regardless of the county's connection with the case or judgment. Id. at 118-19, ¶ 28, 3 P.3d at 1038-39 (citing Ariz. Const. art. 6, § 13 ("The superior courts provided for in this article shall constitute a single court, composed of all the duly elected or appointed judges in each of the counties of the state.")).[1] We relied on Ward v. Stevens , 86 Ariz. 222, 344 P.2d 491 (1959), which involved a challenge to a superior court discovery order issued by a Maricopa County Superior Court judge in a lawsuit pending in Pinal County Superior Court. Id. at 225-26, 344 P.2d 491. Declaring the order a nullity, our supreme court determined the single-court provision was added to the constitution because voters sought to (1) establish uniform salaries among all superior court judges and (2) clarify the power of a visiting judge, on assignment, to hear a case pending in a different court. Id. at 229-30, 344 P.2d 491. The court declined to construe the single-court provision contrary to these avowed purposes, concluding that allowing a judge from one county to enter orders in a case pending in a different county "would only result in chaos and confusion and unnecessary jurisdictional conflicts among the trial courts of the state." Id. at 230-31, 344 P.2d 491. In J.C. Penney , we similarly reasoned that allowing renewal affidavits to be filed with the clerk of any county of the superior court, regardless of whether that county had any connection with the judgment, would create "uncertainty and confusion." 197 Ariz. at 119, ¶ 28, 3 P.3d at 1039.
¶13 Randall has not cited, nor has our research revealed, any statute requiring Ironwood to file its renewal affidavit in the county where the judgment originated. As the trial court aptly noted, the legislature's decision to include specific language in § 22-246 addressing when a justice court judgment must be filed in the superior court of the same county, but not to include similar language in related statutes, makes Randall's interpretation of the judgment renewal statutory scheme unsupportable. See Comm. for Pres. of Established Neighborhoods v. Riffel , 213 Ariz. 247, 249-50, ¶ 8, 141 P.3d 422, 424-25 (App. 2006) ("[W]e assume that when the legislature uses different language within a statutory scheme, it does so with the intent of ascribing different meanings and consequences to that language.").
¶14 Randall argues nonetheless that allowing judgment creditors to renew a judgment in any county in Arizona contradicts J.C. Penney's recognition that one of the purposes of the judgment renewal statutes is "to give notice to the judgment debtor and other interested parties of the status of the judgment." See 197 Ariz. at 119, ¶ 29, 3 P.3d at 1039. We explained that interested parties could monitor a judgment's status "by checking the records of the superior court clerk's office in the county where the judgment was recorded," id. at ¶ 30, and that the judgment *1197 creditor gave "no reasonable notice" when it failed to file the affidavit in the superior court of that county, id. at ¶ 31.
¶15 We agree with Randall that providing notice is one of the purposes of the judgment renewal statutes. See, e.g. , In re Smith , 209 Ariz. 343, 345, ¶ 10, 101 P.3d 637, 639 (2004) ("The affidavit of renewal serves to notify interested parties of the existence and continued viability of the judgment."). We cannot agree, however, with Randall's view that any specific notice was required other than what is mandated by the plain language of those statutes. Providing notice to interested parties is fulfilled under the statutory scheme for judgment renewal based on the principle of constructive notice. See Serasio v. Sears , 58 Ariz. 522, 525, 121 P.2d 639, 642 (1942) (explaining that an uncertified copy of an affidavit of renewal could not be recorded with the county recorder because it would not provide constructive notice that the affidavit had been filed with the clerk of the court). Nothing requires actual notice to the judgment debtor, either as part of filing the transcript of judgment, filing the affidavit of renewal, or recording the judgment. See Goodwin v. Hewlett , 147 Ariz. 356, 358, 710 P.2d 466, 468 (App. 1985) (explaining that service on a judgment debtor is not required for judgment renewal). The comment in J.C. Penney that a party should not "be required to check the court records in all the other counties of the state to ensure the judgment has not been renewed" is untethered to any statutory language or secondary evidence of legislative intent. 197 Ariz. at 119, ¶30, 3 P.3d at 1039. Thus, to the extent the J.C. Penney court suggested additional notice beyond constructive notice is required to renew a judgment, we reject that suggestion.
¶16 Unlike the situation in J.C. Penney , Ironwood filed a renewal affidavit in the superior court where the justice court judgment was docketed-Maricopa County Superior Court-and recorded the judgment in Maricopa County. Interested parties therefore received constructive notice of the judgment's status. See Hall v. World Sav. & Loan Ass'n , 189 Ariz. 495, 500, 943 P.2d 855, 860 (App. 1997) ("Constructive notice includes both information available through recorded documents and knowledge of facts that impose a duty to inquire."); Villas at Hidden Lakes Condos. Ass'n v. Geupel Constr. Co ., 174 Ariz. 72, 76, 847 P.2d 117, 121 (App. 1992) ("Under Arizona law, a recorded document stating its terms and purpose imparts constructive notice.").
¶17 Finally, Randall argues that A.R.S. § 33-962"merely provides an administrative procedure for creating a judgment lien on real property in a foreign county" and should have no bearing on whether an affidavit of renewal is filed in the "proper court" under § 12-1612(A). No language in this or related statutes prohibited Ironwood from following the procedures in § 33-962(A) to docket the justice court judgment in the Maricopa County Superior Court and from then renewing that judgment, as contemplated by § 12-1612. See A.R.S. § 12-1612(A) (allowing a renewal affidavit, filed in the "proper court," to renew a judgment which "has been entered and docketed" in the "superior court, whether originally rendered by it or entered on a transcript of judgment from another court ") (emphasis added). Moreover, no language in § 33-962 restricts the filing of the transcript of judgment to a superior court in any particular county, unlike prior versions of the statute. Compare A.R.S. § 33-962 (2019) ("The clerk of the superior court, on presentation of a certified transcript of a judgment for more than fifteen dollars, exclusive of costs, given by a justice or municipal court, shall forthwith file the judgment.") with A.R.S. § 33-962 (1992) ("The clerk of the superior court, upon presentation of a certified transcript of a judgment for more than fifteen dollars, exclusive of costs, given by a justice of the peace in the county , shall forthwith file the judgment.") (emphasis added).
¶18 In sum, our reading of the judgment renewal statutes is consistent with the conclusion reached in J.C. Penney and thus confirms Ironwood's position that it was not required to file the renewal affidavit in the superior court of the county where the justice court judgment originated (Pinal County), but only where that judgment was correctly filed and docketed (Maricopa County).
*1198 The only arguable support in J.C. Penney for Randall's argument is the reference to A.R.S. § 22-246, but that section does not apply here because Ironwood only sought to garnish Randall's wages, not force the sale of her real property. The trial court did not err in denying Randall's motion to quash the writ of garnishment.
B. Post-Judgment Attorneys' Fees
¶19 In its application for attorneys' fees, Ironwood asserted it was entitled to "pre-garnishment" attorneys' fees based on the justice court judgment, which awarded "all reasonable costs and attorneys' fees incurred ... in collecting the amounts awarded herein." The court granted Ironwood's request and denied Randall's subsequent motion to vacate, explaining that the underlying judgment allowed fees and costs. Randall argues the court erred because no contractual or statutory basis supported Ironwood's request. She further contends that Ironwood's inclusion of "self-serving language" in the justice court judgment did not create a substantive right to such fees.
¶20 We review the superior court's authority to award attorneys' fees de novo. Bennett Blum, M.D., Inc. v. Cowan , 235 Ariz. 204, 205, ¶ 5, 330 P.3d 961, 962 (App. 2014). "Generally, a court may award attorneys' fees only when authorized by statute or by agreement of the parties." Cook v. Grebe , 245 Ariz. 367, 369, ¶ 5, 429 P.3d 1161, 1163 (App. 2018). "A party to a civil action cannot recover its litigation expenses as costs without statutory authorization." Schritter v. State Farm Mut. Auto. Ins. Co ., 201 Ariz. 391, 392, ¶ 6, 36 P.3d 739, 740 (2001).
¶21 To the extent Randall challenges the validity of the clause awarding post-judgment attorneys' fees and costs, she was obligated to timely pursue that challenge in the justice court. See Marquez v. Perez , 14 Ariz. App. 451, 452, 484 P.2d 220 (1971) (holding that when a justice court judgment is filed and docketed in a superior court under A.R.S. § 33-962(A), the superior court has no authority to vacate the judgment; it must be vacated by "the court wherein the judgment was rendered"). Nothing in this record indicates she made a timely objection or filed an appeal. As such, we must presume the fee clause is enforceable and could be relied on by the superior court as proper authority for awarding fees and costs. But we express no opinion whether a similar clause is enforceable in other contexts.
¶22 The justice court judgment, however, cannot override a statute that provides an exclusive avenue for recovering fees in a garnishment proceeding. See Bennett Blum , 235 Ariz. at 208, ¶ 16, 330 P.3d at 965 (reasoning that because "garnishment is a creature of statute, garnishment proceedings are necessarily governed by the terms of those statues") (quoting Patrick v. Associated Drygoods Corp. , 20 Ariz. App. 6, 9, 509 P.2d 1043 (1973) ). In Bennett Blum , this court held that attorneys' fees related to a garnishment for "non-earnings" could be awarded only under A.R.S. § 12-1580(E). See id. at 209, ¶ 18, 330 P.3d at 966. The statute at issue here, A.R.S. § 12-1598.07, provides that in a garnishment for earnings , "[t]he prevailing party may be awarded costs and attorney fees in a reasonable amount determined by the court," but "[a]n award of attorney fees shall not be assessed against nor is it chargeable to the judgment debtor unless the judgment debtor is found to have objected solely for the purpose of delay or to harass the judgment creditor." § 12-1598.07(E). Other than the treatment of costs, § 12-1598.07(E) is substantially similar to § 12-1580(E). The language of both statutes plainly mandates that attorneys' fees may only be awarded against a judgment debtor if the debtor "objected solely for the purpose of delay or to harass the judgment creditor." A.R.S. §§ 12-1508(E), -1598.07(E).
¶23 Because A.R.S. § 12-1598.07(E) is the exclusive means by which attorneys' fees may be granted in a proceeding to garnish earnings, the trial court erred by awarding Ironwood attorneys' fees related to the garnishment proceeding. As shown in its affidavit, Ironwood requested attorneys' fees for tasks related to general collection efforts, such as "pursu[ing] [the] transcript of judgment" and preparing the judgment renewal. But it also requested fees for tasks related to the garnishment proceeding, such as obtaining the debtor's employment information. See
A.R.S. § 12-1598.03(A)(4) (providing that the judgment creditor must file an application to obtain a writ of garnishment stating, inter alia , "[t]hat the garnishee is believed to be an employer of the judgment debtor"). Though Ironwood argues the fees sought did not include any fees for preparation of garnishment documents , if the fees relate to preparing for the garnishment proceeding, they are recoverable only under A.R.S. § 12-1598.07(E).
¶24 The trial court had no authority to modify the justice court judgment; thus, the court did not abuse its discretion in awarding attorneys' fees and costs for collection services unrelated to the garnishment proceeding. The court erred, however, in awarding Ironwood attorneys' fees related to the garnishment proceeding. We therefore vacate the superior court's award of attorneys' fees. Because we are unable to discern from this record what portion of the total award is attributable to work related to the garnishment proceeding, and therefore not recoverable, we remand for reconsideration of the proper amount.
C. Attorneys' Fees and Costs on Appeal
¶25 Randall and Ironwood both seek recovery of their attorneys' fees and costs incurred on appeal under A.R.S. § 12-1598.07(E). We cannot say that Randall's appeal was filed for the purpose of causing delay or harassment, and thus we deny Ironwood's fee request, but award taxable costs. See A.R.S. § 12-1598.07(E). Ironwood also seeks attorneys' fees under the declaration and A.R.S. § 12-341.01. But the declaration is not part of the record and § 12-1598.07(E) provides the exclusive statutory authority for awarding fees in a garnishment proceeding. Supra ¶ 22. Because Randall has not prevailed on appeal, we deny her request for fees and costs.
CONCLUSION
¶26 We conclude that Ironwood could properly pursue garnishment of Randall's wages because it timely renewed the justice court judgment in the Maricopa County Superior Court in accordance with statutory requirements. Thus, we affirm (1) the trial court's denial of Randall's motion to quash and (2) the cost award dated March 1, 2017. We vacate the court's award of attorneys' fees and remand for reconsideration of the amounts requested for the purpose of awarding only the fees that were unrelated to the garnishment proceeding.

For the purpose of achieving administrative efficiency, voters adopted a new Article 6 in 1960. See Ariz. Const. art. 6, § 13. As relevant here, no material differences exist between the two versions.